JOHN W. ALKIRE, *Appellee*, V. THE CUDAHY PACKING
COMPANY, *Appellant*.

No. 16,682.

SYLLABUS BY THE COURT.

1. FACTORY ACT—*Injury to Employee—Violation of Statutory
   Duty—Proximate Cause of Injury*.   Under the provisions
   of section 5 of the factory act (Gen. Stat. 1909, § 4680)
   liability depends upon whether disobedience of the statute
   contributed directly to injury or death; and if in any case
   the failure to provide a statutory safeguard be not super-
   seded by an intervening cause, and consequently is registered
   in the final event as a contributing cause, liability attaches
   although some other cause may have intervened and may also
   have contributed.

2. ——— *Purpose of the Statute in Requiring Safeguards*.   The
   purpose of the factory act in requiring safeguards for ele-
   vators, hoisting shafts and well holes (Gen. Stat. 1909, § 4676)
   was not merely to keep employees from falling down the
   openings, but was intended to secure them against injury
   from moving elevators as well.

3. ——— *Instructions—Defendant's Duty Stated in the Lan-
   guage of the Statute*.   The legislature assumed that juries
   are capable of understanding the language of section 1 of the
   factory act requiring safeguards for elevators and elevator
   shafts (Gen. Stat. 1909, § 4676), and an instruction stating
   the measure of duty in that respect in the language of the
   statute is sufficient.

Appeal from Sedgwick district court.   Opinion filed
November 5, 1910.   Affirmed.

*William Warner, O. H. Dean, W. D. McLeod,* and
*H. C. Timmonds,* for the appellant.

*John W. Adams,* and *George W. Adams,* for the ap-
pellee.

The opinion of the court was delivered by

BURCH, J.:   The defendant conducts a manufactur-
ing establishment in which the plaintiff was employed.
The plaintiff's duties required him to go to an elevator

shaft guarded only by a two-by-four-inch wooden bar placed three and one-half feet from the floor. The floor was an inclined one, was slippery with grease, and the plaintiff's shoes were slippery with grease. The plaintiff acted with haste, slipped on the floor, fell so that his head protruded into the elevator shaft, and was injured by a descending elevator. He recovered damages under the factory act, section 1 of which reads as follows:

"Every person owning or operating any manufacturing establishment which may contain any elevator, hoisting shaft or well hole shall cause the same to be properly and substantially inclosed or secured, in order to protect the lives or limbs of those employed in such establishment." (Laws 1903, ch. 356, § 1, Gen. Stat. 1909, § 4676.)

The defendant appeals, and argues that the want of a safeguard was not the proximate cause of the injury.

Properly speaking, the common-law terms, "proximate cause," "remote cause," "efficient cause" and the like, are unnecessary in a discussion of a statutory action prosecuted under the factory act, because section 5 of the factory act deals in its own way with causes of injury as follows:

"If any person employed or laboring in any manufacturing establishment shall be killed or injured in any case wherein the absence of any of the safeguards or precautions required by the act shall directly contribute to such death or injury, the personal representative of the person so killed, or the person himself in case of injury only, may maintain an action against the person owning or operating such manufacturing establishment for the recovery of all proper damages." (Laws 1903, ch. 356, § 5, Gen. Stat. 1909, § 4680.)

Therefore the only question in any case is, Did disobedience of the statute contribute directly to the result? If the failure to provide a safeguard is not superseded by an intervening cause, and consequently is registered in the final event as a contributing cause,

liability attaches although some other cause may have intervened and may also have contributed. In this instance it is plain that a statutory safeguard would have kept the falling man's head out of the pathway of the descending elevator.

It is said that the sole purpose of a guard before an elevator shaft is to keep employees from falling down the shaft. The words of the statute can not be restricted to such a narrow meaning. Guards must be interposed to secure employees against injury from the elevator as well as from the shaft itself.

The court in its instructions to the jury stated the defendant's duty in the terms of the statute, and it is said that the jury were left to interpret the statute for themselves and might have believed that it was necessary to inclose the elevator from top to bottom. The statute expresses its meaning in words as clear and as definite as any which can be chosen, and trial courts will hesitate to improve upon them. It may be that one kind of safeguard will be sufficient under one set of conditions when it would not be under other conditions. The question whether a particular safeguard was sufficient under the conditions presented in a given case is a question of fact for the jury. But whatever the conditions, the measure of duty is always the same. Elevators and elevator shafts in a manufacturing establishment must be "properly and substantially inclosed or secured, in order to protect the lives or limbs of those employed in such establishment." (§ 1.) Ordinarily the court could do nothing by way of interpretation except to restate the rule in equivalent terms, which would add nothing to the jury's knowledge. The legislature assumed that juries are capable of understanding the language of the statute, and an instruction using that language is sufficient.

Other instructions are criticised as not supported by

the evidence, but the criticisms are unfounded, and other questions argued are disposed of in the case of *Caspar v. Lewin*, 82 Kan. 604.

The judgment of the district court is affirmed.