No. 19,586.

SAMUEL MYRICK, *Appellee,* v. THE GREAT WESTERN MANU-
FACTURING COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. FACTORY ACT—*Inclosing and Securing Elevator Shafts to Prevent Injury to Employees.* The factory act (Gen. Stat. 1909, § 4676) requiring elevator shafts to be inclosed or secured to prevent injury to employees, is not complied with by having three sides of an elevator shaft inclosed and one side left open, if the failure to inclose that side causes injury to an employee.

2. SAME—*Failure to Inclose Elevator Shaft—No Variance between Allegation of Petition and Proof.* The plaintiff alleged that defendant had failed to comply with the provisions of the factory act and that an elevator shaft was wholly uninclosed. *Held,* that there was no variance between the proof and the petition because the proof showed that when the elevator was not in use and the removable panels comprising the sides of the shaft were in place, it was inclosed, but whenever the elevator was in use it was necessary to remove the panels to permit the doors of the building to be opened, and that the plaintiff was injured at a time when the panels on one side had not been replaced.

3. SAME—*Contributory Negligence—No Defense to Action under Factory Act.* Contributory negligence is not a defense to an action under the factory act, and in the case stated in the preceding paragraph it is no defense to show that it was the duty of the plaintiff and other employees to replace the panels which had been taken out for a specific purpose.

2—96 KAN.

Appeal from Leavenworth district court; JAMES H.. WEN-DORFF, judge.   Opinion filed June 12, 1915.   Affirmed.

*W. W. Hooper*, of Leavenworth, for the appellant.

*Lee Bond, M. N. McNaughton, J. K. Codding*, and *C. H. Codding*, all of Leavenworth, for the appellee.

The opinion of the court was delivered by

PORTER, J.:  The plaintiff while employed in defendant's factory was injured in an elevator shaft by being struck by a descending freight elevator.   He recovered a judgment, from which defendant appeals.

The petition alleged that defendant had failed to comply with the provisions of the factory act; that the elevator and shaft were uninclosed, and that no means were provided for protecting employees whose duties required them to be in and about the elevator shaft; and that by reason thereof plaintiff sustained his injuries.   At the time the accident occurred the plaintiff was at work on the first floor of the building painting parts of machinery, and stepped backwards, leaning over that part of the floor which constitutes the bottom of the shaft. The elevator was descending from one of the upper floors, and while the plaintiff was stooping over engaged in his work he was struck and injured.

Practically every claim raised by the defendant in his appeal is bottomed upon the theory that the plaintiff recovered upon a ground of negligence not set out in the petition.   It appears from the evidence that the elevator is at the north side of the building, opening upon an outside platform where cars are unloaded.   The doors of the building open into the elevator. The shaft of the elevator is an inclosed one, but the sides are made of movable panels.   When the elevator is in use at the floor where the plaintiff was injured it becomes necessary to remove the panels on the west and the east sides.   This is required because in opening the doors of the building they swing inside and will not open unless the side panels are first removed. The elevator, therefore, can not be used at all on this floor in connection with these doors until the panels are taken out. It is supposed to be the duty of employees to replace the panels when the outside doors of the building are not being used in connection with the elevator.   Part of the panels were out on the west side at the time the plaintiff was injured.

Now, the contention of the defendant is this: It insists that it came into court expecting to defend against the general allegation that the elevator shaft was wholly uninclosed, in violation of the factory act, while, as a matter of fact, it was obliged to meet a different issue altogether; that on the trial it was shown that the elevator shaft was and is inclosed except when these panels are out for a specific purpose, and that the plaintiff's injuries were shown to have been caused by his negligence or that of some employee who failed to replace the panels. The defendant raised the same contention by a demurrer to the evidence, a request for certain instructions, and a motion for a new trial.

We are unable to concur in this claim of the defendant. It is undisputed in the evidence that the elevator can not be used at the lower floor in connection with the outside doors unless the panels on the west and east sides of the shaft are first removed; that when these panels are out there is nothing to prevent a workman from walking under the elevator, provided the elevator is above that floor. It simply amounts to this: that when the elevator was not in use at this floor and the panels were in, the shaft was protected and the factory act was complied with, but whenever the elevator was in use on that floor in connection with the outside doors it was necessary to remove the panels, and unless they were replaced at once when the elevator left that floor, the shaft was uninclosed; and that was the situation when the plaintiff was injured. A somewhat similar contention was made by the defendant in *Smith v. Cement Co.*, 94 Kan. 501, 146 Pac. 1026, but it was not upheld. There the defendant contended that it had furnished a cover for a conveyor box, but that the plaintiff was injured because he had neglected to use the cover and to put it in position.

It is said in the brief that "the appellant was called into court to meet the charges against it to the effect that the injury to plaintiff was caused by it wholly failing to properly guard and protect its elevator." We think the evidence sustained the allegation of the petition that the defendant violated the factory act by wholly failing to properly guard and protect the elevator. Section 4676 of the General Statutes of 1909 requires that "every person owning or operating any manufacturing establishment which may contain any elevator, hoisting-shaft or well-hole shall cause the same to be properly and sub-

stantially inclosed or secured, in order to protect the lives or limbs of those employed in such establishment." In *Alkire v. Cudahy*, 83 Kan. 373, 111 Pac. 440, it was held that the statute was intended to secure employees against injury from moving elevators as well as from falling down the openings. The instructions of the court were properly drawn upon this theory of the law, and the requested instructions were rightly refused.

Nor was there any variance because the evidence shows that portions of the elevator shaft were inclosed, but that the side from which the plaintiff entered the shaft remained uninclosed. In other words, in order to prove his case the plaintiff was not required to show that the elevator shaft was unprotected at all times and on all sides. It can not be said that the factory act is complied with by having three sides of an elevator shaft inclosed and one side left open, if the failure to inclose one side causes injury to an employee.

Contributory negligence is not a defense to an action under the factory act (*Caspar v. Lewin*, 82 Kan. 604, 109 Pac. 657), and in this case it was no defense to show that it was the duty of the plaintiff or other employees to replace the panels which had been removed.

The judgment is affirmed.