No. 20,149.

JAMES E. ELY, *Appellee and Appellant,* v. C. JONES, *Appellant and Appellee.*

### SYLLABUS BY THE COURT.

1. NEW TRIAL—*Affidavit—Witness Changing His Testimony.* In the circumstances stated in the opinion, it is held that it was not error to grant a new trial upon the strength of an affidavit of a witness qualifying certain testimony given by him at the trial.

2. EXECUTORY CONTRACT — *Sale of Land — Rescission by Parol — Not Within Statute of Frauds.* An agreement to rescind an executory contract for the sale of lands is not within the statute of frauds, and may be proved as any other simple contract.

3. SAME—*Valid Parol Contract.* When the contract rests only in parol, partial or full performance is necessary to its validity.

4. SAME—*Agreement to Rescind Contract—Consideration—Surrender of Mutual Rights.* The consideration for such an agreement may consist in the mutual promises of the parties by which they agree to surrender their mutual rights under the original contract.

5. SAME. In this case, while the answer pleaded a consideration for the agreement which would not in law be sufficient, a promise to do that which the defendant was already bound to do, it is held that there was a sufficient consideration because the agreement could have no other effect or result than the surrender of mutual rights acquired under the original contract.

6. SAME—*Former Decision Disapproved.* Certain expressions in the opinion in *Carr v. Williams,* 17 Kan. 575, are disapproved.

Appeal from Comanche district court; GORDON L. FINLEY, judge. Opinion filed November 10, 1917. Affirmed.

*John W. Davis,* of Greensburg, for the appellant.

*Jay T. Botts,* of Coldwater, for the appellee.

The opinion of the court was delivered by

PORTER, J.: This is an appeal by the defendant below from an order granting a new trial. The action was one to recover damages for the alleged breach of a written contract between plaintiff and defendant, by which plaintiff sold to the defendant a farm for the consideration of $5,600. The petition alleged that the defendant had repudiated the contract and refused to perform it, and that plaintiff had been thereby damaged in the sum of $1,600.

The answer pleaded a general denial, and in addition the specific defense that the contract had been rescinded by a subsequent oral agreement of the parties. There was a trial by a jury and a verdict for the defendant. The ground for granting a new trial, as set forth in writing by the court, was the affidavit of W. S. Monger, a witness who testified on behalf of the defendant, which satisfied the court that his testimony given at the trial was largely untrue.

With their verdict the jury returned the following answers to special questions:

"Was the contract for the sale of the land in question rescinded or annulled by the agreement of the plaintiff and defendant in consideration of the plaintiff receiving the proceeds of two-thirds of the wheat crop for 1914? Answer: Yes.

"Did the market value of the land in question depreciate after the sale to defendant and before the contract was rescinded in July, 1914? Answer: No."

The defendant argues that "upon the issue presented in the second question, which was whether or not any damages resulted from the alleged breach of the contract," the jury found for the defendant, and inasmuch as none of the testimony given by the witness Monger related to the question of damages, the defendant was entitled to judgment on the finding as to value irrespective of the other issue in the case, and that it was error to grant a new trial. To this contention we can not agree. It erroneously assumes that plaintiff was seeking to recover the difference between the market value of the land on April 12, 1913, when the contract of sale was made, and the market value in July, 1914, when the contract was either repudiated by the defendant, or, as he contends, set aside by an oral agreement. By the written contract defendant agreed to pay $5,600 as the consideration for the land. The contract nowhere states what the market value of the land was at that time. The plaintiff may have made an advantageous bargain; he may have sold the land for much more than it was then worth on the market, in which case, unless the contract was in fact canceled by agreement of the parties, he would be entitled to recover the difference between the contract price and what the land could be sold for at the time the contract was breached. The finding of the jury, that there was no depreciation in the market value of the land from the time of the sale until July, 1914, decided no issue directly involved in the case.

It is also insisted by the defendant that a comparison of the testimony of the witness Monger with the statements in his affidavit shows that the trial court was mistaken in assuming that the affidavit tended in the slightest degree to contradict the testimony given by the witness at the trial. While there is no direct statement in the affidavit to the effect that the witness had testified falsely as to any material fact on the trial, it contains sufficient, in our opinion, to justify the court in concluding that plaintiff had not had a fair trial upon the question as to whether any oral agreement to cancel the contract was in fact made. On this issue the burden was on the defendant; his own testimony contains so many contradic-

tions, so much uncertainty as to what was actually said in the alleged conversations between himself and the plaintiff, that it is far from satisfactory, and the court committed no error or abuse of discretion, in view of all the circumstances, in granting a new trial on the ground of the statements contained in the affidavit of the witness Monger.

There is a cross appeal by the plaintiff in which it is urged that the court erred in admitting any testimony in reference to the rescission and should have sustained a demurrer to the evidence. The contention is urged on two grounds: first, that the alleged agreement for a rescission is void under the statute of frauds because it was not in writing and not fully executed; second, because there was no consideration for the agreement. He concedes that the authorities are squarely in conflict upon the question whether such a contract falls within the statute, but in the court below he relied upon the case of *Carr v. Williams*, 17 Kan. 575, and cites that case in the briefs as authority for his contention.

In passing upon the other grounds of the motion for a new trial, the trial court held that the case of *Carr v. Williams*, supra, was not controlling, because the plaintiff in that case, Carr, was standing upon the contract and seeking to recover the purchase price of the land, "while in the case at bar Mr. Ely is not standing upon the contract, but claims rescission." As there must be a new trial of the case, it is deemed proper to make some comment upon the case of *Carr v. Williams*. The theory of the trial court that the plaintiff in this case is not standing upon the contract was clearly erroneous. The action is not based upon any claim by the plaintiff that there had been a rescission; on the contrary, the plaintiff's cause of action is placed squarely upon an alleged breach of the contract by defendant's refusal to comply with its terms. A vendor affirms the contract by suing in equity for specific performance, or at law for damages for a breach of the contract. (Maupin on Marketable Title to Real Estate, 2d ed., p. 580.) For reasons which will be stated, however, we think the court was right in holding that the case of *Carr v. Williams*, supra, was not controlling.

In that case, when the supposed contract of rescission was made, the legal title to the property was in Carr, and the

equitable title was in Stanton, who transferred his interest to Williams. By the contract of rescission the equitable title was to pass back to Carr. In the opinion, Justice Valentine, speaking for the court, said:

"But no part of the contract was ever reduced to writing, and no part of the same was ever executed. No title, or title-paper, or possession, was ever surrendered by the defendants, nor did the plaintiff surrender his notes, or vendor's lien. All parties continued to retain just what each had, respectively, before the contract was made. . . . The only question then left is, whether said parol executory contract is valid or not. We must answer this question in the negative. The contract is void under the statute of frauds. . . . To have made it valid, it should either have been reduced to writing, or should have been executed." (p. 582.)

The opinion, so far as we are aware, has never been cited or referred to in subsequent opinions of this court. It is cited in *Cutwright v. Savings & Investment Co.*, 33 Utah, 486, 495, where a distinction is drawn on the ground that the contract referred to in the opinion was merely executory. It is cited in a note to the same case in 14 American and English Annotated Cases, 729, as one of the cases supporting the view that an agreement to cancel a written contract for the sale of land is void under the statute of frauds, unless in writing or fully executed. The statement in the opinion, that such a contract is void under the statute of frauds, is opposed to the weight of modern authority. It was not necessary to a decision of the case, which really turned upon the fact that the parties who relied upon the parol contract of rescission had failed to perform any part of it themselves. In *Evans v. Jacobitz,* 67 Kan. 249, 72 Pac. 848, it was held that consent of the parties to rescission of a contract for the sale of lands "may be implied from the circumstances and conduct of the parties with respect to the subject matter and need not be shown by an express agreement." (Syl. ¶ 1.) The contract in that case was not in writing. In 2 Warvelle on Vendors (2d ed.), section 826, it is said:

It has been held in some of the earlier cases that an agreement to rescind is as much an agreement concerning land as the original contract, and hence should be in writing; but all the later cases, both in England and the United States, are unanimous in affirming that a contract in writing, and by law required to be in writing, may in equity be rescinded by parol, and this even though the contract may have been under seal.

Such rescission may be effected, not only by an express agreement, but by any course of conduct clearly indicating a mutual assent to ·the termination or abandonment of the contract. It may consist either of words or acts, and all the circumstances attending the transaction may be shown to prove intention; but if evidenced by acts alone they must be such as leave no doubt as to such intention."

See, also, *Cutwright v. Savings & Investment Co.,* supra; Maupin on‚ Marketable Title to Real Estate, 2d ed., § 236, where it is said that "the weight of authority is that a rescission by parol is valid."

In 39 Cyc. 1355, it is said:

"A written contract for the sale of land, while still executory, may be rescinded by a subsequent oral agreement between the parties. However, proof of the rescission by parol, of a contract for the sale of land, should · be clear and convincing; and should satisfy the mind that a rescission was intended by the parties. . . . When the contract rests only in parol, either partial or full performance is necessary to the validity. of the agreement."

(See, also, cases in Note, 14 Ann. Cas., *supra.*)

The decisions holding that a verbal contract to rescind is not within the provisions of the statute of frauds are placed on various grounds; some, on the peculiar wording of the statute. Thus, in *Sutton v. Sears,* 10 Ind. 223, a verbal agreement to rescind a contract for the sale of lands was upheld, the decision being placed to some extent upon the peculiar language of the Indiana statute, which at that time omitted the clause relating to "any interest in or concerning" lands. Other decisions rest upon the proposition that the contract of rescission is valid after it has become executed, the statute of frauds being in that manner fully satisfied. *Arrington v. Porter,* 47 Ala. 714; *Cutwright v. Savings & Investment Co.,* supra, and *Carr v. Williams,* supra, recognized the doctrine that the parol agreement would be valid if fully executed. Other courts have followed the reasoning stated in *Proctor v. Thompson,* 13 Abb. N. C. (N. Y.) 340, holding that a written contract which is within the statute of frauds may be rescinded or abandoned by subsequent oral agreement, on the theory that the statute of frauds operates only on ·the original contract and not upon its rescission, or modification, or abandonment. In the opinion it was said:

"It [the statute] says nothing about its abandonment, or dissolution, or rescission. These are not required to be in writing. The statute is

37—101 Kan.

not concerned with the contract after it has been made, and to require an abandonment of it to be in writing would be to add to the statute a provision which it does not now contain; the contract which must be in writing is the contract for the sale. When that is put in writing and signed by the seller the statute is satisfied. A dissolution of the contract comes after this. It is no part of the original, nor does it add a new term to it. It is something subsequently existing by the acts of the parties by reason of which the former contract has ceased to be enforceable as a contract, and it does not in any way come within the statute." (p. 344.)

The statement in the opinion in *Carr v. Williams,* supra, that such an agreement falls within the statute of frauds and is void unless in writing or fully executed, is disapproved, and we hold with what we consider to be the weight of authority and sound reasoning that such a contract is not required to be in writing, and may be established by the same kind of proof as other simple contracts.

Plaintiff's principal contention is, that the contract had been so far executed on one side that an agreement without any new consideration to the effect that it should not be binding was without consideration and void. Under the terms of the contract the plaintiff was to break 100 acres of sod, place the defendant in possession of the land with the right to remain there until the terms of the contract were fully complied with, when the plaintiff was to convey the land by deed to the defendant. On the other hand, the defendant was to pay the taxes, farm at least 100 acres to wheat, and apply on the purchase price two-thirds of the wheat crop until the entire sum of $5,600 and interest was paid. It is insisted that on July 13, 1914, when the rescission is alleged to have been made, the plaintiff, as shown by the evidence, had complied with every requirement on his part, except to make the deed of conveyance, which would not be due until the defendant had paid the full consideration; also that Jones, the defendant, being in possession of the land under the contract, was the equitable owner, plaintiff having parted with his possession and holding the title merely as trustee for the defendant. The evidence shows that Jones had paid the taxes for one year and had planted and harvested one crop of wheat. The only consideration set up in the answer, and the consideration expressly found by the jury to support the alleged oral rescission, was that the defendant Jones should pay to the plaintiff

two-thirds of the wheat crop for 1914, which was one of the things he was bound to do by the written contract itself. · The plaintiff, therefore, insists that no consideration for the alleged oral agreement was pleaded or shown.

Where it is shown that the purchaser surrenders the contract and possession, in consideration of the vendor's agreement to rescind and waive the payment of that which remains due, we think a sufficient consideration is shown to support an oral agreement. The promise to surrender the contract and possession, and to relieve the plaintiff of his obligation to convey the property by deed, would furnish consideration for the agreement on his part. It is true that the only consideration pleaded in this case was the agreement that plaintiff should receive two-thirds of the wheat crop raised in 1914, and that the jury by their findings have settled that this was the consideration; yet we think, if such an agreement was in fact made, it must necessarily have been contemplated that defendant should surrender his rights under the original contract and give up possession of the land to the plaintiff. The rule that "the parties to a contract may at any time rescind it in whole or in part by mutual consent, and the surrender of their mutual rights is a sufficient consideration," was approved in the case of *George v. Lane,* 80 Kan. 94, 98, 102 Pac. 55. It was held not to apply to the facts in that case for the reason that the plaintiffs there had fully executed the agreement on their part, and the only remaining obligation of the contract rested on the defendants.· The general rule is also stated in a case cited in the opinion (*Flegal v. Hoover et al., Appellants,* 156 Pa. St. 276). Here it is obvious, we think, that there were mutual rights to be surrendered, and that the contract of rescission, if one were in fact made, must necessarily have contemplated their surrender; and while the answer pleaded a consideration which would not in law be sufficient, a promise to do that which the defendant was already bound to do (*George v. Lane,* supra, and cases cited in the opinion), we conclude there was a sufficient consideration in the fact that the agreement could have no other effect or result than the surrender of mutual rights acquired by the original contract.

It follows that the order granting a new trial is affirmed. The contentions raised by the cross appeal are not sustained.

There was no error in admitting evidence of a parol agreement, and the plaintiff was not entitled to judgment on his demurrer to the evidence.

Judgment affirmed.

PORTER, J. (dissenting) : I think the plaintiff's objection to the introduction of any evidence under the answer was well taken; but, in any event, that the demurrer to defendant's evidence should have been sustained. The sole consideration pleaded to support the alleged agreement to rescind the written contract was that the plaintiff should receive from the defendant two-thirds of the proceeds of the wheat crop of 1914, which, under the terms of the written contract, the defendant was bound to pay to him. Not only was this the sole consideration pleaded, but the jury found that this was the actual consideration. If made, it was a mere naked promise without consideration to release the defendant. It was not shown that it was acted upon so that some loss or injury would result to the defendant if the promise were not kept, and, as held in *George v. Lane,* supra, "it was ineffectual to relieve" the defendant from liability. Besides, the defendant neither claims nor offered to show that in reliance upon the agreement he had changed his position or condition to his loss or damage. Moreover, I have not been able to discover in the record any proof that the agreement to rescind had been partially executed at the time the action was brought, unless the defendant relies upon the fact that the plaintiff had received two-thirds of the wheat crop for 1914, which he was to receive under the original contract.