No. 31,942

A. H. Strickland, *Appellee*, v. Woods Brothers Industrial Corporation, *Appellant*.

(40 P. 2d 367)

Opinion filed January 26, 1935.

*J. H. Brady* and *N. E. Snyder,* both of Kansas City, for the appellant.

*A. J. Herrod,* of Kansas City, for the appellee.

The opinion of the court was delivered by

Thiele, J.: This appeal is to determine whether an oral contract for the rescission of a written contract for the sale of land is within the statute of frauds.

On September 9, 1929, the appellant entered into a written contract with appellee under which it was agreed that if appellee would pay $5,454.40 in the time and manner specified, it would, upon his request and upon surrender by him of the contract, convey to him

by warranty deed a certain described tract of land. There is no obligation in the contract requiring appellee to purchase. Time was of the essence of the contract, and, in event of appellee's default, appellant had the right to declare the contract null and void, and in such event all appellee's rights ceased and determined and possession of the premises revested in appellant as fully as if the contract had never been made, and payments made and improvements were to be accepted by appellant as full value for the use of the property. It was further provided that default worked a forfeiture of appellee's rights, and appellant, if it so elected, could treat appellee as a tenant holding over and at sufferance, and proceed against him by summary action of forcible entry and detainer to recover possession. On behalf of appellant, this contract was negotiated by one Noah. In 1930 appellee wrote a letter to one Guy E. Stanley, general manager of appellant corporation at Kansas City, which showed he was in arrears and asked that the tract be taken off his hands for the exact principal amount he had in it. Stanley replied by letter that he was referring the matter to Noah with a request that he report back what could be done. Thereafter Noah and appellee had some correspondence and personal interviews concerning the matter, ending in an oral agreement that if appellee would surrender his contract, appellant would refund to him $600 cash which he had paid and return to him a note for $300 which he had given as part of the original payment, and on June 29, 1931, Noah, on stationery of appellant which named him as sales manager, wrote appellee a letter acknowledging receipt of the contract and concluding:

"I will ask our Lincoln office to immediately return your equity in this contract. Very truly yours,

WOODS BROTHERS INDUSTRIAL CORP.
By (Signed) F. A. Noah,
General Sales Manager."

Payment not being made, appellee brought suit to recover the $600 and to have the note canceled and surrendered, alleging the oral contract heretofore outlined. Appellant's answer was a general denial and allegations that the agreement sued on was not to be performed within one year and that there was no agreement, note or memorandum in writing signed by defendant or its authorized agent; that if Noah made any such oral contract it was beyond the scope of his authority and never ratified by defendant, that Noah had no authority to make any such contract. By cross petition appellant

alleged it was ready, able and willing to perform the contract, and it sought in two causes of action to recover the unpaid purchase price not evidenced by the note and the amount due on the note. Appellee's reply denied that the contract was not to be performed within one year, that he had fully performed his part and had demanded performance by appellant. He also alleged that Noah acted with authority and the company had ratified his act. It is not necessary to note his answer to the cross petition.

The case was tried by the court. After appellee had made his opening statement appellant moved for judgment on the pleadings and opening statement. The court denied the motion, and error is assigned. Appellant has not included in its abstract the opening statement of appellee, and we are therefore not in position to consider the correctness of the court's ruling, except possibly as to whether the petition states a cause of action. What is said later pertains to that phase of the case. At the conclusion of appellee's testimony appellant demurred on the ground that no cause of action had been proved. The court overruled the demurrer, and appellant electing to stand on the demurrer, judgment was rendered for appellee, and this appeal followed:

Three propositions are presented by the appellant: (a) an agreement for rescission of a written contract for the sale of real property is within the statute of frauds and unenforceable unless in writing; (b) that there is not sufficient proof of Noah's authority; (c) there was no consideration for the alleged oral promise.

Appellant concedes that in *Ely v. Jones*, 101 Kan. 572, 168 Pac. 1102, this court held against its contention, but it seeks to distinguish that case from this one under consideration, the claimed difference being that in that case there was consideration for the rescission and that plaintiff treated the contract as rescinded, while here there was no consideration and the seller was seeking enforcement of its contract. The matter of sufficiency of consideration will be treated later. Assuming there was consideration in the present case, there would be no distinction on this account. The other contention is not good. To recover damages for breach of a contract requires an affirmance of it. What the plaintiff in the Jones case alleged was that defendant breached the contract and he sought to recover damages. The defense was that the contract had been rescinded. It was held that:

"An agreement to rescind an executory contract for the sale of lands is not within the statute of frauds, and may be proved as any other simple contract.

"When the contract rests only in parol, partial or full performance is necessary to its validity." (Syl. ¶¶ 2, 3.)

And, in the opinion, after discussing the authorities, it was said:

" . . . and we hold with what we consider to be the weight of authority and sound reasoning that such a contract is not required to be in writing, and may be established by the same kind of proof as other simple contracts." (p. 578.)

The same section of the statute of frauds relied upon (R. S. 33-106) includes agreements made upon consideration of marriage, and this feature was under discussion in *Hoard v. Jones,* 119 Kan. 138, 237 Pac. 888, where it was held:

"The statute of frauds deals with the making of contracts rather than with their revocation; hence, though a contract is one which, by the statute of frauds, must be in writing to support an action, it may be revoked by parol." (Syl. ¶ 4.)

And see *Pattison v. Pattison,* 129 Kan. 558, 293 Pac. 483, holding to the same effect.

Appellant contends that a contrary conclusion was reached in *Brown v. Pryor,* 133 Kan. 129, 293 Pac. 747, where an attempt was made to show as defense to a note that it was orally agreed that upon a certain contingency the payee would take a mortgaged farm in payment. That case may be distinguished. The oral agreement was contemporaneous with the execution of the note, inconsistent with its terms, and was inadmissible to enlarge the scope or alter or add to the terms of the note. Also, the oral agreement claimed was that he would transfer lands, and such an agreement was no part of the case before us.

It may here be noted that the contract in the present case was unilateral, and that by its terms the purchaser had only a right to acquire the tract, the seller could not force him to buy it. While it might be said the purchaser acquired an equitable interest in the lands, the seller had a contract right, which, if properly followed out, precluded the purchaser from enforcing it or acquiring the legal title except upon full compliance on his part.

It was noted in *Ely v. Jones,* supra, that the courts are not of one opinion as to the enforceability of an oral contract for the sale of real estate. An annotation on the subject will be found in 38 A. L. R. 294. And the matter is discussed in 25 R. C. L. 539 (Statute of

Frauds, § 129) ; 27 R. C. L. 639 (Vendor and Purchaser, § 397) and 27 C. J. 201 (Frauds, Statute of, § 150).

It is urged, however, that because of the division of authority we should reëxamine the subject and follow certain expressions quoted from Restatement of Contracts by the American Law Institute. It would extend this opinion to too great length to review and comment on all sections noted.

Section 222 recites:

"A contract within the statute, whether or not made enforceable by satisfaction of its requirements, may be orally rescinded, unless the prior contract is enforceable and the contract to rescind involves the retransfer of some subject matter which is within the statute."

In the case before us the original contract was only enforceable against the purchaser in that he might be forcibly removed from the premises, and the contract of rescission involved no retransfer of some subject matter. The purchaser surrendered only his right to purchase; he could not reconvey the lands, for he had no title thereto.

Section 407 of the above work reads:

"The fact that an agreement to rescind or modify a prior contract is oral does not render it inoperative except in the cases and to the extent that a statute of frauds requires, under the rules stated in §§ 222-224, whether the prior contract is oral or is in a sealed or unsealed writing."

And section 432 states:

"(1) A contractual duty that arises under a formal unilateral contract is discharged (a) by the destruction or cancellation of the document embodying the contract, or (b) by its surrender to the party subject to the duty or to some one on his behalf, by the party having the right, with the intent to discharge the duty."

In this case the evidence showed surrender of the written contract to the party subject to be charged thereunder.

We are not convinced that the rule of *Ely v. Jones*, supra, is either against the weight of authority or contrary to the Restatement of Contracts, and adhere to it.

The principal argument as to Noah's authority is that it was not in writing. Under the statute of frauds where the contract sought to be enforced is for the sale of lands, the note or memorandum must be in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized in writing. It having been determined that rescission can be made by oral agreement, it follows that the authority of an agent to make

the agreement need not be in writing; if the statute does not apply in the one case, it should not in the other.

The negotiations to rescind the written contract started in August, 1930, and terminated on June 29, 1931, when the letter quoted above was written by Mr. Noah. From that time on the appellant kept the contract surrendered by the appellee, and so far as the record shows made no effort to return it, or to enforce it or to do anything else until it filed its cross petition on October 27, 1933. It might be said with justification that this long retention without affirmative action tended to show a ratification of Noah's act by the appellant.

The last point urged is there was no consideration for the oral contract—this being based on the proposition that appellee had no right under the contract and when he surrendered the contract he surrendered nothing. We do not agree. He had an option to purchase the lot, and until that was terminated as provided in the contract, he had a right to make his payments and ultimately receive title. The fact he may have been in default, or may not have been financially able to carry on, of itself made no difference, for with this knowledge at hand the appellant took no steps to cancel the contract; instead, it made the oral agreement of which it now complains.

In *Ely v. Jones,* supra, the question of consideration was disposed of in the following language:

"Where it is shown that the purchaser surrenders the contract and possession, in consideration of the vendor's agreement to rescind and waive the payment of that which remains due, we think a sufficient consideration is shown to support an oral agreement. The promise to surrender the contract and possession, and to relieve the plaintiff of his obligation to convey the property by deed, would furnish consideration for the agreement on his part." (p. 579.)

And in Restatement, Contracts § 75, comment *d,* it is said:

"In unilateral contracts the consideration is something other than a promise. It may be a specified act or forbearance, or any one of several specified acts or forbearances of which the offeree is given the choice, or such conduct as will produce a specified result. The offeror may also offer or request as consideration the creation, modification or destruction of a purely intangible legal relation. Not infrequently the consideration bargained for is an act with the added requirement that a certain legal result shall be produced."

The effect of the contract of rescission was to relieve the appellant of his duty to convey the property, and under the above authorities it was a sufficient consideration.

The court committed no error in finding for appellee against appellant, and its judgment is affirmed.