No. 32,374

J. B. SUTHERLAND, *Appellant*, v. L. L. MADDEN, *Appellee*.

(46 P. 2d 32)

344

*Harry C. Blaker,* of Pleasanton, for the appellant.
*M. K. Hoag,* of Pleasanton, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action to recover the rent for a garage in Prescott, which had been paid for some time at an agreed rental of $45 per month. W. E. Glaves, the owner, died, and an agent of the heirs, whose authority is not questioned, talked to the tenant, L. L. Madden, about future rentals for the property, and after discussion of it and the payment of the amounts due they agreed on $25 per month instead of $45, and at that time Madden paid Glaves, the agent, $50, which was rent for April and May, 1932. The plaintiff then arranged for purchase of the property, but until he got his deed, the defendant did not know exactly to whom the rent should be paid. On September 3, 1932, the deed to the property was given to plaintiff, and on October 4, 1932, defendant gave the plaintiff a check for $100 on which was written at the bottom in left-hand corner, "For four months' rent." The plaintiff accepted the check and received the $100 on it. The trial court found that the defendant and the Glaves estate came to an agreement of $25 per month rent for the property after April 1, 1932; that the plaintiff and defendant talked over the matter of renting it at $25 per month, and defendant then stated he would pay no more than that amount; that after the plaintiff had obtained a deed he accepted a check for $100 for four months' rent, cashed it and actually obtained the money; and that he did allow the defendant to surrender the property to plaintiff and no claim for rent for the unexpired term of the lease is made.

The court concluded that the rent was changed, that the defendant is legally bound to pay only at the rate of $25 per month, together with six percent interest on all amounts remaining unpaid; and that on the full amount of rent due from defendant to plaintiff, a credit of $150, made up by the $50 paid to D. W. Glaves on or about April 1, 1932, and $100 paid to Sutherland in October, 1932, should be given.

It is appellant's contention that the written lease could not be altered or varied by parol testimony or by a subsequent oral ar-

rangement and that any subsequent agreement, if made, is void for want of consideration. In the case of *Ely v. Jones,* 101 Kan. 572, 168 Pac. 1102, it was held that a contract in writing may be changed by parol and that the mutual concessions of parties are sufficient consideration. (See, also, *Strickland v. Woods Bros. Ind. Corp.,* 141 Kan. 114, 40 P. 2d 367.)

In 1 McAdam on Landlord and Tenant, 421, it is said:

"The consideration must consist of some benefit or advantage to the promisor, or some loss or disadvantage to the promisee in return for which the promise is made. The slightest consideration will support the most onerous obligation.

"Courts will not ask whether the thing which forms the consideration does, in fact, benefit the promisee or a third party or is of any substantial benefit to any one. It is enough that something is promised, done, forborne, or suffered by the party to whom the promise is made as consideration for the promise made to him."

*Ely v. Jones* is a case of this kind where the consideration for such an agreement may consist in the mutual promises of the parties by which they agree to surrender their mutual rights under the original contract. In that case, while the answer pleaded a consideration for the agreement which would not in law be sufficient, a promise to do that which the defendant was already bound to do, the surrender of mutual rights acquired under the original contract was held a sufficient consideration.

In *Hurlbut v. Butte-Kan. Co.,* 120 Kan. 205, 243 Pac. 324, an action for rent, it was contended by appellant that an agreement made in July for a waiver of the rent on a tract of land for an indefinite time for the reasons stated, was not binding for a lack of consideration. The court said:

"This is really the only law question in the case. Treating this as a waiver of rent, a consideration is not necessary in all cases to support a waiver, it being a mere voluntary relinquishment of a known right." (Citing a number of cases.) (p. 206.)

The case was disposed of on other grounds.

In *Brown v. Cairns,* 63 Kan. 693, 66 Pac. 1033, there was a provision for a lessor to remit a certain portion of the agreed rental for two years. The lessee found that the agreed rental which she had originally pledged could not be made out of the farm, which appeared to have been the fact. The lessor remitted the amount for the two years already passed, and agreed that lessees might remain in possession if they would keep and perform the conditions of the

contract. This offer was accepted by the lessees. It was held that the new contract was valid and binding.

In 13 C. J. 588 it is stated what will constitute a discharge or modification of an original contract. It is said there that since a contract is the result of an agreement it may be discharged at any time before the performance is due by a new contract.

In 13 C. J. 592, among other things, it is said that—

"A modified contract may be supported by a consideration consisting in the compromise or adjustment of a doubtful or disputed claim, a modification of the obligations on both sides, the surrender of a right, the release of an existing liability, performance of acts to which the party is not bound by the original contract, payment of interest, or even the securing of an investment for money. The consideration of a modification of an executory contract may rest in the mutual assent of the parties to the new agreement, in the substitution of the new contract for the old, in mutual promises to perform, or in the performance of the new contract. As to how far a duty which a party is already under a contract obligation to perform, may furnish a consideration for a modified agreement the courts are in some conflict."

In 43 A. L. R. 1461 there is an extended note on different phases of the question and the authorities are grouped showing the holding of the courts thereon and showing that they are not in agreement on the question. The Kansas cases are mentioned and annotators suggest that they are contrary to a majority of the cases.

Another thing that is mentioned is that a modifying contract, when executed, does not require a consideration. It is said:

"It is a rule established by many well-considered cases that parties to a lease cannot escape from their secondary (modifying) agreement on the ground of want of consideration, where it has been fully executed, nor, if partially executed on both sides, can they repudiate that part of it which had been executed, though the unexecuted part may be repudiated unless grounds of equitable estoppel exist." (43 A. L. R. 1458.)

There was an executed agreement with Glaves, the original owner, when Glaves agreed with defendant on the reduced amount. Later plaintiff, being told that the defendant would not pay but $25 per month as rental, accepted the $100 which specified it was for "four months' rent," in payment of the rent at that figure. Whether it was on the original lease or on the new agreement, it was paid, and under our cases the consideration was sufficient for the new agreement. There was also sufficient consideration in the cession and surrender of mutual rights to support the agreement.

In any view, the judgment must be affirmed. It is so ordered.