72 F.3d 137
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 DEERE & COMPANY, a Delaware corporation, Plaintiff-Appellant,
v.
K.I. LOY, Defendant-Appellee.
 No. 95-3013.
 United States Court of Appeals, Tenth Circuit.
 Dec. 6, 1995.
 
 ORDER AND JUDGMENT[1]
 Before TACHA and BARRETT, Circuit Judges, and BROWN,** Senior District Judge.
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.[2]
 
 
 2
 In this diversity action, plaintiff Deere & Company appeals the district court's ruling, after a bench trial, that defendant K.I. Loy effectively revoked his guaranty of the debts of Southeast Equipment, Inc. We affirm.
 
 
 3
 Deere is a manufacturer, distributor and seller of agricultural implements and related products. Southeast was a Deere dealer, owned and operated by Stan Gavin. Loy, Gavin's father-in-law, executed an unconditional guaranty of Southeast's debts to Deere in 1975. Loy asked Gavin to obtain a release of his guaranty in 1985. Gavin sent a letter to Deere requesting revocation of Loy's guaranty, signing Loy's name to the letter. Deere acknowledged receipt of the letter and informed Gavin that Loy was released from his guaranty.
 
 
 4
 Deere treated Loy's guaranty as having been revoked from 1985 until April 1993, and extended new credit to Southeast without relying on Loy's guaranty. However, when Deere discovered Gavin had submitted fraudulent promissory notes and retail installment contracts, it closed Southeast's dealership, sold Southeast's collateral at auction and sought a deficiency judgment from Loy under the guaranty. Deere admits if the 1985 letter effectively revoked the guaranty, Loy is not obligated for Southeast's indebtedness.
 
 The guaranty, prepared by Deere, provides:
 
 5
 Any notice of revocation hereof shall be in writing addressed and delivered to the John Deere Company.... It is understood that any revocation I may make shall not become effective until expiration of the Authorized Dealer Agreement in effect, between you and Southeast Equipment, Inc., on the date I deliver written notice of my revocation of this guaranty to you.
 
 
 6
 Appellant's App. at 4.
 
 
 7
 The district court concluded that although the guaranty required the notice of revocation to be in writing, it did not require the writing to be signed by Loy. Deere & Co. v. Loy, 872 F.Supp. 867, 870 (D.Kan.1994). The district court concluded that the 1985 letter complied with the revocation requirements because Loy effectively made Gavin his agent for purposes of revoking his guaranty. Id. at 871. The district court rejected Deere's contention that Loy's agency with Gavin was required to be in writing. Id. at 871-72.
 
 
 8
 On appeal Deere contends the district court erred in ruling that the 1985 revocation letter was effective. It asserts that an agent's revocation of a guaranty on behalf of a principal is ineffective unless the agent's authority is in writing.
 
 
 9
 Kansas requires contracts of guaranty to be in writing and signed by the guarantor. Kan. Stat. Ann. 33-106. However, under Kansas law, "even though the original contract must be in writing to be enforceable under the statute of frauds, an absolute revocation of such a contract may be by parol." Hoard v. Jones, 237 P. 888, 895 (Kan.1925)(citing Ely v. Jones, 168 P. 1102, 1103-04 (Kan.1917)). Further, under Kansas law the authority of an agent to make such a revocation need not be in writing:
 
 
 10
 It having been determined that rescission can be made by oral agreement, it follows that the authority of an agent to make the agreement need not be in writing; if the statute does not apply in the one case, it should not in the other.
 
 
 11
 Strickland v. Wood Bros. Indus. Corp., 40 P.2d 367, 370 (Kan.1935).
 
 
 12
 Deere's reliance on Reno v. Beckett, 555 F.2d 757 (10th Cir.1977) is misplaced. In that case, this court noted that under Kansas law, when an original contract must be in writing any substantial modification thereof must also be in writing. Id. at 766. However, this rule is not applicable with a revocation, as is the case here. Hoard, 237 P. at 895.
 
 
 13
 We do not address Deere's contention that the holdings of Hoard and Strickland are distinguishable because the revocation is not supported by consideration. Deere never asserted before the district court that the revocation required consideration in order to be effective. See Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir.1992)(as a general rule, this court will not consider an issue on appeal that was not raised in the district court).
 
 
 14
 Therefore, for substantially the same reasons contained in the district court's order, the judgment of the United States District Court for the District of Kansas is AFFIRMED. Loy's request for attorney fees for filing a frivolous appeal is DENIED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [2]
 Appellee's unopposed motion to file a surreply brief is granted