**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 28 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

**ANDALE EQUIPMENT, INC.,**

    Plaintiff-Appellee,

v.

**DEERE & COMPANY**,

    Defendant-Appellant.

No. 98-3101
(D.C. No. 96-1142-JTM)
(D. Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY** and **LUCERO,** Circuit Judges, and **WEST**, District Judge.[1]

---

In 1989, plaintiff/appellee Andale Equipment, Inc. ("Andale Equipment"), owned and operated a John Deere dealership in Andale, Kansas. In March 1989, Andale Equipment purchased a John Deere dealership in Wichita, Kansas, and operated it under the name,

---

[*]This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. Citation of orders and judgments is generally disfavored; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]The Honorable Lee R. West, Senior United States District Judge for the Western District of Oklahoma, sitting by designation.

Wichita Outdoor Power ("WOP"). In 1990, Andale Equipment purchased a third John Deere dealership; this one was located in Kingman, Kansas.

At the time Andale Equipment purchased WOP, there was another existing John Deere dealership in Wichita: Western Implement Company ("WIC"). WIC was located in close proximity to, and was in competition with, WOP.[2] Prior to Andale Equipment's purchase of WOP, defendant/appellant Deere & Company ("Deere") orally agreed, and confirmed in writing, that it would relocate WIC to a site outside of Wichita no later than November 1993. Deere failed to do so and Andale Equipment sued for breach of contract.[3]

In response, Deere not only denied that an enforceable contract to relocate WIC existed between the parties but also denied that Andale Equipment had suffered any damage by any act or representation of Deere.

The matter came on for trial and the district court bifurcated the issues of liability and damages. At the conclusion of the liability phase, the jury was asked the following special interrogatory:

---

[2]There are two types of John Deere dealerships: (1) combination dealerships that sell both agricultural equipment and consumer or commercial lawn and garden products and (2) lawn and garden dealerships that sell only consumer or commercial lawn and garden products. The Andale and Kingman dealerships and WIC were combination dealerships. WOP was a lawn and garden dealership.

[3]Andale Equipment also brought a cause of action for fraud. The district court granted partial summary judgment in Deere's favor on this claim.

"Do you find from a preponderance of the evidence that defendant had a contract with plaintiff to relocate . . . [WIC] by November 30, 1993?"

The jury answered the interrogatory in the affirmative and the matter proceeded to the damage phase of the trial. At the conclusion of this second phase, the district court instructed the jury on the following elements of damage: (1) lost income from November 1, 1993, to October 31, 1994, and from November 1, 1994, to October 31, 1995, for WOP and the Andale and Kingman dealerships; (2) costs incurred by WOP, when it closed in 1996; and (3) decrease in the value of WOP's business and of the Andale and Kingman dealerships.

The jury awarded damages in the total amount of $955,270.00. It found that WOP had suffered lost income in the amount of $134,560.00 for the two years as well as a decline in the value of business in the amount of $366,300.00. The jury further found that the Kingman dealership had sustained damages for lost income in the amount of $116,962.00 for the two years and a decline in the value of business in the amount of $292,410.00. The jury awarded no damages for lost income or for a decline in business in connection with the Andale dealership. Finally, the jury awarded WOP closing costs in the amount of $74,938.00.

Judgment in favor of Andale Equipment was entered accordingly and Deere unsuccessfully sought post-judgment relief under Rules 50 and 59, F.R.Civ.P. This appeal followed.

Although Deere has now conceded on appeal that an agreement to relocate WIC existed between the parties, it has argued that enforcement of such contract is barred by the Kansas Statute of Frauds, Kan. Stat. § 33-106. "The purpose of the Statute of Frauds is to

3

fix the terms of a contract between the parties in the signed writing and to avoid enforcement of contracts or terms that the parties did not actually agree upon." Deere & Co. v. Loy, 872 F. Supp. 867, 872 (D. Kan. 1994)(citations omitted), aff'd, 72 F.3d 137 (10th Cir. 1995). To this end, the Kansas Statute requires all contracts which are not capable of being performed within one year be reduced to writing, Kan. Stat. § 33-106, and the writing, "[t]o be sufficient . . . under the [S]tatute[,] . . . must be complete in itself, leaving nothing to rest in parol." Walton v. Piqua State Bank, 204 Kan. 741, 747, 466 P.2d 316, 322 (1970). That is to say, all essential elements and material terms of the parties' agreement must be expressed and explained in the writing.

The district court found, inter alia, that "the writings in the case, which set forth all the key elements of the contract, are sufficient to satisfy the requirements of the statute." Despite Deere's complaint that the writings omit material terms, and, in particular, the deadline for relocating WIC, we agree with the district court that the parties' agreement was sufficiently confirmed in the relevant writings. The two letters written by Deere representatives to Andale Equipment's owner, John Dugan (Trial Exhibits Nos. 12 and 15), together with the documents referenced therein, contain all essential elements and material terms of the parties' agreement.

We have also carefully considered Deere's many arguments pertaining to the testimony of witnesses Glenn Dugan, Andale Equipment's vice president and general manager, and Gary Gibbs, a certified public accountant and business consultant, and to the

4

alleged absence of evidence to support the jury's award of damages, including those damages awarded for the diminution in value of the dealerships.  In so doing, we find the district court did not abuse its discretion in admitting the challenged testimony.  E.g., Duffee v. Murray Ohio Manufacturing Co., 91 F.3d 1410, 1411 (10th Cir. 1996).  We further find the fact and opinion testimony and documentary evidence presented by Andale Equipment was sufficient to support all damages awarded by the jury.

Finally, we have reviewed Deere's arguments regarding its alleged entitlement to a new trial on all issues as well as its alternate arguments that we should order remittitur in this case.  We find no grounds have been advanced which compel or justify the relief Deere has requested.

AFFIRMED.

Entered for the Court


Lee R. West
Senior District Judge

5