CLARENCE SMITH, *Appellee,* v. THE IOLA PORTLAND· CEMENT COMPANY, *Appellant.*

No. 17,390.

SYLLABUS BY THE COURT.

1. MISCONDUCT OF COUNSEL—*When Prejudicial.* Before a judg-- ment will be reversed for misconduct of counsel of the pre- vailing party occurring at the trial it must be made to appear that such misconduct prejudiced the rights of the defeated party.

2. ——— *Instructions — Verdict — Evidence.* Ordinarily where the trial court has directed the jury to disregard the matter and with full knowledge of all the circumstances has ap- proved the verdict and has overruled a motion for a new trial based upon the ground of such misconduct, this court will not reverse the judgment. Especially is this true where the ver- dict does not appear to be against the preponderance of the evidence and where the amount of the verdict appears not to be excessive.

Appeal from Allen district court. Opinion filed Jan-- uary 6, 1912. Affirmed.

*William Warner, O. H. Dean, W. D. McLeod, H. C. Timmonds,* and *H. M. Langworthy,* for the appellant.

*F. J. Oyler,* for the appellee.

The opinion of the court was delivered by

PORTER, J.: Action for damages for personal in-- juries. The negligence alleged was the failure of the defendant to comply with the provisions of the factory

act by properly safeguarding a certain gearing attached to a line shaft, by reason of which the plaintiff was injured. The jury returned a verdict for the plaintiff. The court rendered judgment thereon and the defendant appeals.

The complaints respecting the instructions are not well taken. The instruction refused was fully covered by instructions six and seven, which the court gave. The instructions did not place upon the defendant the burden of proving that it had properly safeguarded the gearing in question. They charged in no uncertain language that this burden rested upon the plaintiff. Instruction No. 10, when read as a whole and with reference to the other instructions, simply charged that instead of the plaintiff having the burden of showing that it was practicable to safeguard the machinery, the burden rested upon the defendant to show that it was not practicable further to safeguard it. There was no dispute as to the facts. The handrail, which stood four feet above the gearing, and which the defendant contended was a proper safeguard, manifestly could furnish no protection to a workman who was injured, as the plaintiff claimed to have been, while in the performance of his duties at work below the railing. (*Alkire v. Cudahy,* 83 Kan. 373, 111 Pac. 440.) There was evidence to sustain the plaintiff's claim respecting the manner in which the accident occurred and to establish the fact that he was in the line of his duties when his hand was caught in the gearing.

During his closing argument counsel for plaintiff told the jury in substance that the defendant carried insurance indemnifying it from loss by actions brought against it by its employees for injuries. Upon objection he withdrew the statement and asked the jury not to consider it. The court gave a written instruction to the jury withdrawing the statement and charged them to disregard the same and to determine the issues solely upon the evidence introduced and the law as de-

clared in the general instructions.   Many cases are cited in defendant's brief from other states holding that prejudice resulting from misconduct of this kind can not be cured by an instruction to the jury to disregard it.   The court, however, holds that it is bound by the rule established in a number of previous decisions that before a judgment will be reversed for misconduct of counsel of the prevailing party occurring at the trial it must be made to appear that such misconduct prejudiced the rights of the defeated party.   Where the court withdraws from the consideration of the jury the offensive statements or remarks and directs the jury not to consider them, it will be presumed, in the absence of any affirmative showing to the contrary, that the misconduct did not affect the verdict or prejudice the rights of the defeated party.   It rests in the sound discretion of the trial court to determine from all the circumstances whether the irregularity or misconduct may have influenced the jury in arriving at their verdict. · Ordinarily where the trial court has directed the jury to disregard the matter, and with full knowledge of all the circumstances has approved the verdict and has overruled a motion for a new trial based upon the ground of such misconduct, this court will not reverse the judgment.   (*Winter v. Sass,* 19 Kan. 556; *The State v. Comstock,* 20 Kan. 650, 654, 655; *The State v. Yordi,* 30 Kan. 221, 2 Pac. 161.)   Especially is this true where as in the case at bar the verdict does not appear to be against the preponderance of the evidence and where the amount of the verdict appears not to be excessive.

The judgment is affirmed.