No. 23,042.

JAMES E. ELY, *Appellant*, v. C. JONES, *Appellee*.

SYLLABUS BY THE COURT.

CONTRACT—*Sale of Land—Rescission by Oral Agreement—Oral Agreement Partially Performed—Action by Vendee for Damages—Estoppel.* A contract was entered into for the sale of land for a fixed amount, to be paid by the delivery each year of the proceeds of two-thirds of the crop. The vendor before any considerable payment had been made brought an action for damages on account of the purchaser having repudiated and canceled the contract, the recovery asked being measured by the amount by which the contract price exceeded the market value, less any payments made. The defendant answered alleging that a rescission of the contract had been effected by a subsequent oral agreement by the terms of which he was to surrender the land and deliver the proceeds of two-thirds of the first year's crop, which was already harvested. Such share of the proceeds was paid during the pendency of the action. It is held that the plaintiff, having elected to sue for damages on the theory indicated, could not treat such payment as made under the original contract, nor successfully contend that the agreement to rescind had not been even partially performed and was for that reason unenforceable.

Appeal from Comanche district court; LITTLETON M. DAY, judge. Opinion filed December 10, 1921. Affirmed.

*Jay T. Botts*, of Coldwater, for the appellant.
*J. W. Davis*, of Greensburg, for the appellee.

The opinion of the court was delivered by

MASON, J.: On April 12, 1913, James E. Ely, the owner of a quarter section of land, entered into a written contract with C. Jones for its sale to him for $5,600, to be paid by delivering to the seller each year the proceeds of two-thirds of the crops, which were to include a hundred acres of wheat. On July 29, 1914, Ely sued Jones, causing an attachment to be issued and levied upon personal property, his petition alleging that on July 23, 1914, Jones had repudiated and canceled the contract, thereby damaging the plain-

tiff in the sum of $1,600, for which amount judgment was asked. The defendant filed an answer on October 7 alleging that in July, 1914, the contract had been rescinded by an oral agreement; by the terms of which the plaintiff was to receive the proceeds of two-thirds of the wheat crop harvested that year, which had been paid him. In a reply filed November 12, 1914, the plaintiff acknowledged the receipt of the proceeds of two-thirds of the crop of wheat which had been sown in 1913. A jury trial resulted in a verdict for the defendant upon which judgment was rendered, from which the plaintiff appeals.

The jury found specifically that the contract was rescinded by agreement. The plaintiff contends that the agreement for rescission, not having been in writing, was enforceable only in case it had been fully or partially performed. (See *Ely v. Jones,* 101 Kan. 572, 168 Pac. 1102; 25 R. C. L. 579.) The defendant's evidence was that it had been agreed that he should give the plaintiff two-thirds of the proceeds of the wheat and turn the place over to him, and be released from the contract. All that was necessary to the full execution of this new agreement on the part of the defendant was that he should pay two-thirds of the wheat money to the plaintiff and relinquish his claims to the property. The plaintiff contends that the wheat money which was given him was received under the original contract for the sale of the land, and not under any later agreement. This is the vital point in his case, and we think it untenable for this reason: In suing the defendant for damages on the ground that he had repudiated and canceled the contract for the sale of the land the plaintiff elected to treat that contract as at an end and to rely solely upon his remedy in damages. It is true he declared in his petition that he had at all times been and still was ready and willing to perform the things required of him under the contract, but in asking to recover once for all the loss he had sustained by the defendant's refusal to carry out the contract he chose to treat it as terminated—to retain the land and require the defendant to pay him the value of his bargain—the difference between the agreed price and what the property was worth on the market. Having taken that position he could not subsequently reopen the matter for the purpose of receiving a payment on the contract and then continue the prosecution of his claim for damages. "Upon election to treat the renunciation of the contract by the other party, whether by declaration or by acts and conduct, as a breach of the contract,

the rights of the parties are to be regarded as then culminating, and the contractual relation ceases to exist except for the purpose of maintaining an action for the recovery of damages." (6 R. C. L. 1026; *Wallingford Bros. v. McCray,* 101 Kan. 146, 148, 165 Pac. 813; 20 C. J. 14.) The payment of the wheat money therefore cannot be regarded as made under the original contract, and inasmuch as the jury accepted the defendant's evidence that an agreement for its rescission had been made, by the terms of which two-thirds of the proceeds of the wheat was to go to the defendant, this payment to him must be deemed to have been made under that arrangement. As was determined when the case was here before (101 Kan. 572, 168 Pac. 1102) the new agreement was supported by a sufficient consideration, for while the defendant was already bound to pay this money to the plaintiff if the deal was to go through and the land was finally to be conveyed to him, he was under no obligation to do so if the plaintiff was to keep it. As already indicated the plaintiff in suing for damages on the ground that the defendant had repudiated and canceled the contract elected to accept and act upon such renunciation and retain the land. The jury found in answer to a special question that subsequent to the conversation which the defendant relies on as having accomplished a rescission he had taken steps toward preparing the ground for wheat by doing some disking. The evidence showed however that this preparation consisted merely in making a round or two with a disk. It cannot be regarded as amounting to an assertion of a right to hold the land, in view of the fact that the pleadings of both parties were based upon the theory that the plaintiff was to retain it.

The plaintiff requested an instruction as to the necessity of the defendant proving part performance of the agreement to rescind. Because of the considerations already stated we regard the refusal as nonprejudicial. Complaint is also made because the court declined to submit to the jury a number of additional special questions, some of which are immaterial because of the view we have taken of the issue of part performance; none of the others is of such importance as to make its rejection a ground of reversal. A new trial is also asked on account of what is alleged to be the misconduct of counsel for the defendant. The trial court's ruling on this matter must be regarded as conclusive because of its superior opportunity to form a just opinion of the character and effect of the conduct complained of.

An instruction was given, to which no objection is made, to the effect that if the defendant should be found to have broken the contract the measure of the plaintiff's damages would be the difference between the contract price of $5,600 and the market value of the land at the time of the breach, less whatever sums had been received by the plaintiff, including what had been paid him out of the wheat crop of 1914. By a special finding which is not affected by any of the rulings complained of the jury fixed the market value on July 23, 1914, at $31.25 an acre, or $5,000. When the petition was filed the plaintiff had received but $1. But in the reply it was set out that he had received the proceeds of two-thirds of the wheat crop, amounting to $668.06, on account of which he reduced his claim of damage by that amount. Inasmuch as the amount of cash received was more than the difference between the contract price as stated in the instruction and the market value as found by the jury, the plaintiff by the test which is the law of the case suffered no prejudice, even if errors were made affecting the issue concerning rescission.

The real controversy between the parties was one of fact—whether there had been an agreement to rescind the contract for the purchase and sale of the land. The jury having found in favor of the defendant on this issue we discover no sufficient reason for setting aside the judgment based on that finding.

The judgment is affirmed.