No. 30,173.

G. C. HUTSON, an Incompetent Person, by GEORGE TEMPLAR, His Guardian, *Appellee*, v. (IMPERIAL ROYALTIES COMPANY, Common-law or Express Trust; JOHN E. HORN, E. S. HORN and J. O. BLAND, Trustees thereof, and W. R. HAMM and JOHN RANDOLPH CALHOUN, *Defendants*), IMPERIAL ROYALTIES COMPANY, *Appellant*.

(14 P. 2d 658.)

 Opinion denying a second rehearing and modifying former opinion filed October 8, 1932. (For original opinion of affirmance see 134 Kan. 378, 5 P. 2d 825; opinion on rehearing see 135 Kan. 718, 13 P. 2d 298.)

*James McDermott, Richard B. McDermott,* both of Winfield, *Bennett R. Wheeler, S. M,. Brewster, John L. Hunt, Virgil V. Scholes, Margaret McGurnaghan,* all of Topeka, *John F. Rhodes* and *R. R. Brewster,* both of Kansas City, Mo., for appellant Imperial Royalties Company.

*O. Renn* and *George Templar,* both of Arkansas City, for the appellee; *W. L. Cunningham,* of Arkansas City, of counsel.

The opinion of the court was delivered by

HUTCHISON, J.: The appellant in this action has presented an application for permission to file a second petition for rehearing, attaching to the application the proposed second petition, promising to supplement it with further authorities.

The application and petition have been fully considered and it is held that they do not contain any new proposition or feature that has not been considered and treated, either in the original opinion rendered December 12, 1931, and reported in 134 Kan. 378, 5 P. 2d 825, or in the opinion denying the petition for rehearing rendered July 9, 1932, and reported in 135 Kan. 718, 13 P. 2d 298, and therefore the application should be denied.

Our attention, however, has been directed to the apparent fact that the amount of the verdict and judgment rendered includes the amount claimed by the plaintiff, not only under the second count of the petition, but also that claimed under the first count thereof, which was excluded by the answer of the jury to the eighth special question. Because of this answer the entire consideration given this case by this court, both on the original hearing and on the hear-

ing of the petition for rehearing, was limited to the rights of the parties to the action concerning the second count of the petition. The appellee concedes that the verdict and judgment includes the claim under the first as well as the second count and undertakes to justify it. Such inclusion is not in accord with the finding of the jury, nor with our view of the case under such finding, and such amount should be eliminated from the judgment.

The judgment is modified by making such elimination and reducing it to $26,466 with interest, and as so modified it is affirmed.