No. 41,563

THE J. R. WATKINS COMPANY, a Corporation, *Appellant*, v. SHIRLEY HANSON and ROY WILSON, *Appellees*.

(347 P. 2d 447)

Opinion filed December 12, 1959.

*C. W. Slifer*, of St. John, argued the cause and was on the briefs for the appellant.

*Evart Garvin*, of St. John, argued the cause, and *Robert Garvin* and *Morris Garvin*, both of St. John, were with him on the brief for the appellees.

The opinion of the court was delivered by

PARKER, C. J.: This was an action to recover money, alleged to be due and payable under the terms of a written contract. Defendants prevailed and the plaintiff appeals.

On November 7, 1951, the J. R. Watkins Company of Winona, Minnesota, entered into an agreement with Shirley Hanson of St. John, Kansas, as purchaser, providing that such purchaser was to buy goods, manufactured and/or sold by the company, for purposes of sale in the locality in which she was then engaged, or intended to engage, in the business of selling such products. At the time of the execution of the purchase agreement there was attached thereto a surety agreement, executed by Roy Wilson and Guy Carter, as sureties, whereby such sureties unconditionally promised, agreed and guaranteed to stand good for the products Watkins sold to Hanson and for which Hanson failed to pay, in accord with the terms of the purchase agreement.

In passing it is to be noted the contract between the company and Hanson contained a provision that upon termination of their business relations the company would repurchase from Hanson any products she had on hand and that upon receipt thereof the company was to credit her account with the reasonable value of all products returned therefore.

On June 13, 1956, the company commenced an action against Hanson, and Wilson and Carter, as sureties, by filing a petition in the district court, alleging in substance that Hanson had failed to pay for goods purchased and received from the company and that by reason for her failure to do so she and both sureties were indebted to the company in the sum of $925.18.

In response to the petition the parties defendant filed a verified answer wherein they denied generally any liability whatsoever on the account sued on and, among other things, alleged as their principal defense that, at the termination of their business relationship, the defendant Hanson had returned to the company previously purchased products sufficient to more than satisfy any balance owing upon her account.

Sometime after the filing of the answer one of the sureties (Guy

Carter) died. Thereupon, in open court, plaintiff dismissed its action as against such surety. Thereafter, and with issues joined as related, the cause came on for trial by jury in the district court.

At the trial plaintiff's evidence consisted of lengthy depositions of two witnesses who described in detail the transactions between the company and Hanson; the character of the goods, wares and merchandise sold to Hanson; the amount due for such products; the payments made thereon; and the amounts to which it claimed Hanson was entitled to credit for returned merchandise. In the main defendants' proof consisted of evidence showing the products returned by Hanson to the company and the amounts which should have been credited to her account by reason thereof.

With respect to evidence adduced by the parties relating to products returned by Hanson, for which she was entitled to credit, it may be said, it appears from an incomplete and confusing record, that the testimony was highly conflicting but nevertheless sufficient to go to the jury. On the one hand the company's evidence was to the effect there were only two shipments of merchandise returned by Hanson and that it had given her all credits to which she was entitled under the terms of the contract. On the other the defendants' evidence was to the effect that the company had failed to give Hanson full credit for all merchandise returned in the two shipments admittedly received; that Hanson had made a third shipment of merchandise to the company at Memphis, Tennessee, for which she had not been given or allowed any credit; and that had the company allowed her full credit for all merchandise returned, at its fair and reasonable value as fixed by the contract, such merchandise would have more than satisfied the balance claimed by the company against the defendants.

At the close of all evidence the trial court instructed the jury and then submitted the cause to it for its decision, along with two special interrogatories. In due time the jury returned a general verdict in favor of the defendants along with its answers to the submitted special questions. In the answer to question No. 1 it found that Hanson had returned goods (describing them) to the company's place of business in Memphis, Tennessee, on or about January 10, 1954, and, in the answer to question No. 2, it found the value of the goods, returned by such defendants to that location, amounted to $708.43.

Following the return of the verdict and answers to special questions the plaintiff filed a motion for a new trial. Thereafter that motion was overruled and judgment was rendered upon the verdict

in favor of defendants and against the plaintiff. This appeal followed.

At the outset we pause to point out that appellant's assignments of error are limited to alleged trial errors and his contentions with respect thereto will be given consideration without regard to the order in which they are made in its brief.

One specification of error is that appellant was entitled to a new trial because of misconduct on the part of counsel for appellees in making untrue and prejudicial remarks in final argument to the jury. The record of the proceedings in the court below fails to disclose (1) the nature of the argument complained of; (2) any objection to argument by counsel for appellees at the time it was made; and (3) any request to the trial court for a ruling on such argument or an instruction to the jury concerning it. Under such circumstances appellant's position on this point lacks merit and cannot be upheld. The established rule is that misconduct of counsel in argument to the jury is not available as a ground for the sustaining of a motion for a new trial or the reversal of a judgment where no objection was made to it and no request was made for a ruling thereon, or for an instruction to the jury concerning it. (*Mai v. City of Garden City*, 177 Kan. 179, 277 P. 2d 636; *Shreve v. Kansas Turnpike Authority*, 181 Kan. 406, 312 P. 2d 595.) The fact counsel for appellant has seen fit to include in his brief an affidavit setting forth his version of the statements complained of affords no basis whatsoever for a contrary conclusion. On appeal from an order overruling a motion for a new trial an appellate court is limited to questions raised at the time it was presented in the court below.

Misconduct on the part of the trial judge is also assigned as error. The abstract contains no reference to the misconduct complained of and fails to disclose that appellant took exception thereto during the trial or called it to the attention of the trial court on the hearing of the motion for a new trial. In that situation, under our decisions (See, *e. g., American Automobile Ins. Co. v. Clark*, 122 Kan. 445, 252 Pac. 215; *Sawtelle v. Cosden Oil & Gas Co.*, 128 Kan. 220, 228, 277 Pac. 45; *Ghumm v. Josch*, 133 Kan. 16, 298 Pac. 751; *Hill v. Southern Kansas Stage Lines*, 143 Kan. 44, 53 P. 2d 923; *Tovey v. Geiser*, 150 Kan. 149, 159, 160, 92 P. 2d 3; and *Colin v. DeCoursey Cream Co.*, 162 Kan. 683, 689, 178 P. 2d 690), this claim of error is not subject to appellate review.

Another claim of error is that the trial court erred in admitting

testimony of the witness, Shirley Hanson, into the record, which was not supported by competent evidence, particularly defendants' (appellees') Exhibit "A." A careful and extended examination of the abstract which, under the rules of this court appellant was required to print in such form as to reproduce portions of the record necessary to read in order to arrive at a full understanding of the questions presented for review (*Watkins v. Layton*, 182 Kan. 702, 709, 324 P. 2d 130), fails to disclose the witness Hanson's evidence or the defendants' (appellees') Exhibit "A." Moreover there is nothing in the abstract to even indicate, let alone warrant a conclusion, that error in the admission of this evidence was presented to the trial court as a ground for the granting of the motion for a new trial. Under such conditions there are at least two rules which preclude appellate review of the claim of error now under consideration. One is to be found in *Watkins v. Layton*, supra, which holds that on appeal to this court error is never presumed and it is incumbent upon the party complaining to establish affirmatively that error was committed. The other appears in *In re Estate of Jones*, 174 Kan. 506, 257 P. 2d 116, where, in disposing of a somewhat similar claim with respect to error in admission of evidence (see pages 514 and 515 of the opinion), it is held that when it does not affirmatively appear that a question raised on appeal was presented to and determined by the trial court, this court does not consider it on review. See, also, *Holton v. Holton*, 172 Kan. 681 (Syl. ¶ 2), 243 P. 2d 222.

It is also urged that the trial court erred in preventing the appellant from reading into the evidence before the jury some twenty pages of the deposition of witness Boalt, a Vice President of the company. The record presented is wholly insufficient to permit an adequate review or discussion of this claim of error and it suffices to say that what we find there fails to affirmatively establish error on the part of the trial court in excluding the evidence complained of.

Directing our attention to the fact that in returning its general verdict the jury not only made a general finding in favor of the appellees but added thereto the words "Not Guilty," and conceding it made no objection to such verdict at the time of its return or until after the jury had been discharged, appellant contends that the addition of such words must be regarded as nullifying the verdict. Long ago that question was answered and decided, contrary to ap-

pellant's position, in *Hanson v. Kendt*, 94 Kan. 310, 146 Pac. 1190. Moreover this court is committed to the rule that, absent any objections to a verdict until after the jury is discharged, a litigant is deemed to have waived any objections he might have thereto and cannot urge them for the first time upon a motion for a new trial or on appeal. See *Banbery v. Lewis*, 173 Kan. 59, 69, 244 P. 2d 202, and authorities there cited.

Appellant's final claim of error is that the trial court erred in giving instruction No. 4 which, although it is not set forth in the abstract of record, we shall quote from its brief. It reads:

"Instruction No. 4: You are instructed that the defendant Roy Wilson would not be liable under his surety agreement for any merchandise purchased by Shirley Hanson from Herbert Coleman widow, nor the cost of any insurance by Shirley Hanson, and should you find that the defendant Shirley Hanson is indebted to the plaintiff company upon the accounts sued upon in this action, your verdict as to the liability of defendant Roy Wilson would be $220.74 less than that of the defendant Shirley Hanson."

One answer to this claim is that no objection was made to the foregoing instruction when given and that under the existing circumstances it became the law of the case. See *Fisher v. Central Surety & Ins. Corp.*, 149 Kan. 38, 43, 86 P. 2d 583; *Montague v. Burgerhoff*, 152 Kan. 124, 128, 102 P. 2d 1031; *Coryell v. Edens*, 158 Kan. 771, 772, 150 P. 2d 341; *Ehrhart v. Spencer*, 175 Kan. 227, 234, 263 P. 2d 246, and numerous decisions cited in West's Kansas Digest, Appeal & Error, § 215; Hatcher's Kansas Digest [Rev. Ed.], Appeal & Error, §§ 344, 345. Even so, we are not disposed to decide this claim of error entirely on that basis. It will be noted the general verdict was returned in favor of the principal (Hanson) as well as the surety (Wilson). Moreover it goes without saying, that if Hanson had paid her account, as the jury found, there could be no liability on the part of the surety. Thus it appears we need not labor questions advanced by appellant touching error in the instruction. Assuming, without deciding, they have merit does not mean that appellant sustained any prejudice by the giving thereof. Indeed, as we have pointed out, appellant sustained no prejudice therefrom. It follows error, if any, in submitting such instruction does not require the granting of a new trial and affords no sound ground for disturbing the judgment. Under our statute (G. S. 1949, 60-3317) error complained of which does not prejudice the substantial rights of a party affords no sound basis for the reversal of a judgment and must be disregarded.

Having determined all issues of importance raised on appeal we find nothing in them or in arguments advanced in their support to warrant or permit a conclusion the trial court erred in overruling the motion for a new trial or in rendering judgment against the appellant in conformity with the verdict.

The judgment is affirmed.