No. 42,121

FRED E. BLAIR, *Appellee*, v. GLADYS WILLFORD HALLMARK and JOHN MACK PIERCY, *Appellants*.

(360 P. 2d 1051)

Opinion filed April 8, 1961.

*R. L. Letton,* of Pittsburg, and *John B. Markham,* of Parsons, argued the cause, and *P. E. Nulton, R. L. White* and *J. Curtis Nettels,* all of Pittsburg, and *Elmer W. Columbia* and *Herman W. Smith, Jr.,* both of Parsons, were with him on the briefs for the appellants.

*J. John Marshall,* of Pittsburg, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

JACKSON, J.: The appellee sued the two appellants in the court below for damages for personal injuries alleged to have been suffered by appellee in an automobile accident caused by both of the appellants. After a jury trial, the appellee recovered a judgment for the sum of $30,000.

In appealing from the above judgment, appellants do not argue that there was not ample evidence to show appellants' negligence; nor do they argue that the evidence does not support the verdict of the jury as to the amount of appellee's injuries. In fact, the ap-

pellants state in their joint brief in this court that, from the pleadings in the trial court, it was clear appellee was not at fault and the only issues to be decided at the trial were whether both of the appellants were responsible for appellee's injury or only one of them, and further, that the amount of appellee's injuries had to be ascertained.

The sole question in this appeal arises from the fact that at a pre-trial conference on March 19, 1960, the trial court allowed appellee to amend his second amended petition as to the description of his personal injuries and compelled appellants to go to trial on March 21, 1960. The amendment allowed can be shown in the following quotation from the second amended petition:

"That as a direct and proximate result of said collision plaintiff suffered whip lash injury to the neck; a severe concussion and contusions to the head and brain; his neck, back and entire spine was sprained, twisted and bruised and left permanently sore, lame and weak; he has suffered from headaches, nervousness, sleeplessness and intense pain and will continue to so suffer in the future; that plaintiff's injuries are permanent and progressive; that plaintiff's earning capacity has been diminished as a result of said injuries and he has been and will in the future be obligated to expend money for medicine and medical treatment, all by reason of his injuries; that he sustained a fracture of the cervical spine.

"*That plaintiff herein suffered an aggravation of the pre-existing arthritic condition in the entire back and spine; that plaintiff suffered injuries to his nerves and nervous system and has sustained an anesthesia or diminution of feeling in the entire left side of his body; that he has, as a result of said injuries to his nerves and nervous system and his physical injuries, suffered a neurological development known as anxiety neurosis or traumatic neurosis.*" (Emphasis supplied.)

The part of paragraph VII which is italicized above was added to the original allegations of the paragraph at the pre-trial conference.

It should also be noticed that prior to this time, appellant had been examined by Dr. William Williamson, chief neuro-surgeon and neurologist at the University of Kansas Medical Center, and that *appellants had learned of this examination and had taken the deposition of Dr. Williamson* on March 16, 1960. This deposition dealt with some of the particular neurological and mental symptoms set out in the above amendment and was introduced at the trial.

The record also shows that on February 15, 1960, the appellee was examined by Dr. Averill Stowell of Tulsa, who specializes in

neurology and surgery. It is stated in appellee's brief that one of the counsel for appellants was advised before the first examination by Dr. Stowell that appellee's condition was showing neurological involvement and that appellee had an appointment with Dr. Stowell for an examination. We find no denial of the above statement.

Of course, in allowing the amendment complained about in this case, the trial court was acting under the provisions of G. S. 1949, 60-759 and also 60-2705. Under both sections of the civil code the district court is called upon to use its sound discretion in allowing or denying the right to amend. The last section refers to the matter of the court's discretion in the language of the section.

As to section 60-759, this court said in *Fiest v. Steere*, 175 Kan. 1, at p. 4, 259 P. 2d 140:

"Appellant's claim the trial court erred in permitting appellee to amend his petition, in the manner heretofore indicated, requires little if any attention. Under our code great liberality is allowed in amending and supplementing pleadings (G. S. 1949, 60-759). Moreover, this court has long been committed to the rule that the allowance or denial of requests to amend pleadings are matters over which a trial court has authority to exercise wide discretion and that its action with respect thereto will not constitute reversible error unless it affirmatively appears the amendment allowed or denied is so material that it affects the substantial rights of the adverse party and constitutes a clear abuse of judicial discretion. (See *Barton v. Hackney*, 170 Kan. 197, 224 P. 2d 995; *Flaharty v. Reed*, 170 Kan. 215, 225 P. 2d 98; also G. S. 1949, 60-760.)"

Another late case in which it was held that the trial court had abused its discretion *in refusing to allow an amendment* is *Fisher v. Pendleton*, 184 Kan. 322, p. 333; 336 P. 2d 472; 74 A. L. R. 2d 1274.

One of the first arguments made by appellants to show that the trial court exceeded its power in allowing the amendment in the case at bar is that the amendment "substantially changed the plaintiff's claim." However, able counsel cited no cases to support this contention. If a quick survey of the hundreds of cases annotated in the statute book under section 60-759 is made, it must be readily apparent that the argument is without merit.

As early as the case of *Irwin v. Paulett*, 1 Kan. *418, at p. *426, Mr. Chief Justice Cobb speaking for this court, almost one hundred years ago, stated that the word "claim" in the statute refers to the cause of action.

Another early case was *A. T. & S. F. Rld. Co. v. Rice*, 36 Kan. 593, p. 601, 14 Pac. 229, where this court again followed the rule that the

word "claim" as used in section 60-759 refers to the plaintiff's cause of action. But even as to that, the court was clear that it should not be bound to a mere change of a common law form of action, and in the Rice case stated that plaintiff might well amend his imperfectly stated cause for false imprisonment to state a cause for malicious prosecution. And see *Culp v. Steere*, 47 Kan. 746, 28 Pac. 987; *Curtis v. Schmehr*, 69 Kan. 124, 76 Pac. 434; and omitting other earlier cases, see *Davison v. Eby Construction Co.*, 169 Kan. 256, p. 260, 218 P. 2d 219. In the Davison case we held that an amendment stating further personal injuries and increasing the amount of plaintiff's claim did not substantially change the claim or defense under the above cited statute.

The appellants in the final analysis of this matter endeavor to have the court lay great stress upon the materiality of the above amendment to the seventh paragraph of appellee's petition. However, we find no authorities cited in their brief. While it may have been wise, out of an abundance of caution, for appellee to ask for the amendment, it is not clear that it was necessary in order for him to be able to prove the neurological matters introduced at the trial.

Cases cited by appellee, and those discovered in our own research, have shown that probably it would have been possible for appellee to introduce the neurological testimony offered at the trial without any amendment at all. In appellee's petition it was originally alleged that he had suffered injuries to his neck, concussion to the head *and brain*, had twisted his neck and spine; that he suffered headaches, nervousness, sleeplessness and intense pain; and that "plaintiff's injuries are permanent and *progressive*."

It must certainly be clear that appellee had no duty to plead his evidence, and really ought not to do so, see *Allen v. Brown*, 181 Kan. 301, 310 P. 2d 923, where the following statement may be found:

"As to the items of damage a petitioner need not plead his evidence." (p. 309.)

In accord with the above rule, we direct attention to the following personal injury cases: *Cudahy v. Broadbent*, syl. ¶¶ 1 and 2, 70 Kan. 535, 79 Pac. 126; *City of Eureka v. Neville*, 70 Kan. 893, 79 Pac. 162; *Thompson v. Machine Co.*, 94 Kan. 453, 146 Pac. 1188; *Consolidated Smelting Co. v. Tinchert*, 5 Kan. App. 130, 48 Pac. 889.

We believe that the case of *Railroad Co. v. Willey*, 57 Kan. 764, 48 Pac. 25, in reality may be cited in support of the above rule, although testimony of mental infirmities were held to have been wrongfully admitted in that case. There the pleading only mentioned certain gashes on plaintiff's head. Such pleading differed materially from the pleading originally filed in the case at bar. In the Willey case the court said:

"A party is entitled to recover for all consequences which are the natural and probable result of injuries negligently inflicted upon him by another—that is, for those consequences which the common experience of men justify us in believing will result from an injury, the extent and character of which are known—without specially alleging them as grounds of recovery." (p. 766).

Under all of the facts of this case, it would be impossible to say that the trial court abused its discretion in allowing the amendment complained about in this appeal. The appeal under such circumstances must fail, and the judgment below must be and is hereby affirmed.