No. 44,005

State of Kansas, *Appellee*, v. Frank McGee, *Appellant*.

(398 P. 2d 563)

Opinion filed January 23, 1965.

*Kenneth Metzger*, of Leavenworth, argued the cause and was on the brief for the appellant.

*Edward J. Chapman, Jr.*, county attorney, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

Price, J.: Defendant has appealed from a conviction of the offense of escape from the state penitentiary as defined by G. S. 1949, 21-734.

The factual background of the matter is this:

On August 13, 1959, in the district court of Butler county, defendant, being represented by counsel, was, upon his plea of guilty, convicted of the offense of concealing or selling mortgaged property in violation of G. S. 1949, 58-315b, and was sentenced to confinement in the state penitentiary as provided by law. He then was placed on parole by the court.

While on parole from the Butler county sentence, defendant, being represented by counsel, was, in April 1961, in the district court of Leavenworth county, convicted of the offense of burglary in the second degree in violation of G. S. 1961 Supp., 21-520, and was sentenced to confinement in the state penitentiary as provided by law. A commitment was issued and he was confined thereunder.

On June 21, 1961, the district court of Butler county revoked the parole of defendant and ordered that he be confined in the state penitentiary under the sentence of August 13, 1959.

On August 23, 1963, while confined in the state penitentiary under the Butler county and Leavenworth county sentences—defendant escaped.

On September 11, 1963, police officers observed defendant leaving a tavern in Leavenworth. They recognized him and knew that he was an escapee from the state penitentiary. Accordingly, they apprehended him and notified the penitentiary officials. Within the hour he was returned to the penitentiary. As before stated, he was charged with and convicted of the offense of escape from the penitentiary as defined by G. S. 1949, 21-734. Throughout his trial he was represented by court appointed counsel and such counsel also has represented him in this appeal.

It first is contended the trial court erred in denying defendant's motion to dismiss the case at the close of the state's opening statement for the reason that he was not afforded an opportunity for a preliminary examination within ten days of the date of the issuance of the warrant and his subsequent arrest, and attention is called to G. S. 1949, 62-611, which provides that an examining magistrate may adjourn a hearing from time to time as occasion shall require, not exceeding ten days at one time, without the consent of the person charged. It is contended that he was not afforded a preliminary examination until more than ten days had elapsed after he was apprehended on September 11, 1963, and further, was not afforded a hearing for more than ten days following the issuance of the warrant for his arrest on the escape charge.

The facts concerning this contention are these:

On August 23, 1963, defendant escaped. He was apprehended on September 11, and on that date was returned into the custody of the warden of the penitentiary. On September 26, a complaint was filed in the city court of Leavenworth charging him with the offense of escape, and on that date a warrant was issued for his arrest and ordering that he be brought before such court to answer the charge. The warrant was served on defendant on October 15, and on that date he was brought before the judge of the city court sitting as an examining magistrate, at which time he waived his preliminary examination and was bound over to the district court of Leavenworth county for trial.

Defendant's contention with respect to this matter is without merit and cannot be sustained.

During the period between his apprehension on September 11 and October 15, when he was arrested under the warrant issued on September 26, defendant was serving the Butler county and Leavenworth county sentences. At no time was his preliminary examination continued or postponed either with or without his consent. Upon his first appearance before the city court—which was on the very day of his arrest under the warrant—he waived his preliminary examination and was bound over to the district court for trial. Under the facts the provisions of G. S. 1949, 62-611, are not applicable and defendant's rights were in no way violated. And neither is the case of *Whalen v. Cristell*, 161 Kan. 747, 173 P. 2d 252, relied on by him—in point. There a defendant was arrested and confined to jail on a felony charge on February 8, 1946. His preliminary examination was set for February 25, 1946. He was held in jail, however, until August 26, 1946, without a preliminary examination or any further judicial action, and this court properly allowed a petition for a writ of habeas corpus.

During the trial the state in its case in chief introduced in evidence certified copies of the Butler and Leavenworth county convictions. Defendant concedes the right of the state on the trial of this charge of escape to introduce records showing one of such convictions—but contends the introduction of records showing both convictions was prejudicial error.

The records of defendant's two convictions were not introduced for the purpose of showing "prior offenses" within the rule and exception thereto discussed in *State v. Myrick*, 181 Kan. 1056, 1058, 1059, 317 P. 2d 485. And neither were they introduced for any purpose under the habitual criminal statute (G. S. 1949, 21-107a). They were properly introduced to show the elements of the offense for which defendant was being tried—that he had escaped from lawful confinement. On the date of his escape defendant was lawfully confined in the penitentiary under both commitments and records of those cases were properly admitted (19 Am. Jur., Escape, Prison Breaking, and Rescue, §§ 10, 27, pp. 365, 370.)

And finally it is contended defendant did not have a fair trial for the reason that during the cross examination of witnesses for the state, the assistant county attorney, who tried the case—by nodding or shaking his head—indicated to the witnesses how they were to answer.

Aside from the fact that no objection was made at the time and, therefore, the question is not subject to review (*Watkins Co. v. Hanson,* 185 Kan. 758, 761, 347 P. 2d 447), the record shows that in commenting on the matter at the argument on the motion for a new trial the court stated:

"Certainly I want the record to reflect that I, as presiding judge during the trial, observed no conduct on the part of the assistant county attorney that could be considered improper in any way, . . ."

We accept the trial court's version of the matter, and on the general subject see *Collins v. City Cab Co.,* 192 Kan. 394, 400, (Syl. 3), 388 P. 2d 597.

No error being shown, the judgment is affirmed.