No. 44,323

Paul S. Miller and Janet L. Miller, *Appellees,* v. Frank C. Braun, *Appellant.*

(411 P. 2d 621)

Opinion filed March 5, 1966.

*Stuart D. Mitchelson,* of Mission, argued the cause and was on the briefs for appellant.

*Wilson E. Speer,* of Olathe, argued the cause and was on the briefs for appellees.

The opinion of the court was delivered by

Fatzer, J.: This was an action to recover damages for fraudulent misrepresentation of the nature of an electrical power transmission easement across the backyard of a dwelling property the defendant sold to the plaintiffs. The case was tried to a jury which returned its verdict in favor of the plaintiffs for $3,000. The district court

overruled the defendant's motion for a new trial, and he has appealed.

The defendant developed a tract of real estate in Johnson County upon which he built new residence dwellings for sale. He first advertised the tri-level home on Lot 5 which the plaintiffs subsequently purchased, in a metropolitan newspaper on May 23, 1963. The original asking price for the residence was $19,950. On June 5, 1963, the defendant orally agreed with the Kansas City Power and Light Company to sell an easement across the backyard of Lot 5 and other lots. On June 21, 1963, he and his wife executed a formal easement grant to the power company for which they received the sum of $2,500. The easement was duly filed of record in Johnson County.

A few days later, the plaintiffs came to the defendant's subdivision and were attracted to the tri-level home on Lot 5. It was the type home they were looking for and they were attracted to the trees on the lot, especially those in the backyard. The lot was deep, relatively level, and there were about 50 tall trees in the backyard. No prior parties had negotiated for the premises, and the defendant's asking price was $19,950. During the plaintiffs' negotiations for the property, the defendant disclosed the granting of the easement to the power company, the approximate boundaries of the easement, but represented that it would be for single wires and single poles involving the removal of one or two trees and the trimming of a few others. Relying upon the defendant's representations, the plaintiffs purchased the property. After purchasing the property, the plaintiffs discovered the easement was to be used for high voltage lines, supported by "H" poles, with the right to remove virtually all of the approximately 50 tall trees standing in the backyard.

The sole question presented is whether the district court erred in overruling the defendant's motion to declare a mistrial made at the close of the plaintiff's opening statement and out of the presence of the jury.

In his opening statement to the jury, plaintiffs' counsel referred to the defendant's sale of the easement to the power company and that it was a single transaction which included easement rights across the lot purchased by the plaintiffs and another lot owned by the defendant, and stated:

". . . And so they negotiated and Mr. Braun, the, I think, on June 9th it was, that Mr. Braun and representatives of the Kansas City Power & Light

Company came to an understanding or an agreement that he would sell them their easement rights across Lot 5 in particular, I believe also Lot 13, up to the other end of the lots that the Power Company bought was also involved in the same transaction, and they needed part of Lot 13 for their high line easements, too. And they agreed then on June 5th that is, Mr. Braun and his wife who was also record owner, would sell to the Kansas City Power & Light Company these wide easements across Lot 5 which is our lot in question here and Lot 13, and for the two of them, Mr. Braun was to be paid the sum of $2500, I believe. And so on June the 21st, I believe, it was that the Kansas City Power & Light Company and Mr. and Mrs. Braun signed a formal easement grant, that is, they drew up an easement agreement in writing and they all signed it on or about June 21st, and it was recorded of record here in the courthouse in the Register of Deeds office, setting out what the easement rights were and what the limitations of it were as far as distance is concerned. . . ."

The defendant did not move to strike the opening statement, or ask the court to admonish the jury to disregard the objectional portion.

During the trial, plaintiffs offered evidence of the exact consideration the defendant received for the easement across Lot 5 as allocated by the defendant and the power company in their negotiations. The defendant's objection to the testimony was sustained by the district court.

In seeking reversal, the defendant argues the action was primarily for the difference in the value of real estate with the easement as it actually existed and the value of real estate with the easement as it was represented; that the amount he received for the easement was of no concern to the jury, and the facts as disclosed to the jury in plaintiffs' opening statement were highly prejudicial. He urges his objection was timely made and that the only statement made by the district court to remove the matter from the minds of the jury was Instruction No. 2 given at the conclusion of all of the evidence, to the effect it should disregard statements and arguments of counsel as they were not evidence but were intended to help the jury in understanding the evidence and applying the law.

The plaintiffs argue the opening statement made reference only to a group price for the sale of the easement across two lots in defendant's development, and that the jury never did hear the amount actually paid for the easement across Lot 5; that the issue was the fair market value of the property encumbered with the easement as it actually existed; that where such value is at issue, evidence of the price paid for the easement at a *bona fide*, voluntary

sale close in time, as was the sale between the defendant and the power company, would be competent, but not conclusive evidence of its value, citing *Reeser v. Hammond,* 122 Kan. 695, 253 Pac. 233, a comparable fraud case, and that reference to the consideration received by the defendant was made in good faith and with reasonable grounds to believe the evidence was admissible to prove fraud, even though the intended proof was afterward excluded.

As preliminary to discussing the question presented, we note the rule of this court pertaining to appellate review that error is never presumed and it is incumbent upon the party complaining to affirmatively show that prejudicial error was committed. (*Quick, Receiver v. Purcell,* 179 Kan. 319, 295 P. 2d 626; *Fangrow v. Fangrow,* 185 Kan. 227, 341 P. 2d 998.)

Likewise, the rule of this court applicable here is that while the law guarantees to every litigant a *fair* trial, it does not guarantee him a "perfect" trial, and it is not enough to disturb a judgment that some error or impropriety transpired at the trial, except for prejudicial error affirmatively appearing which affects the substantial rights of the defeated party. (*Cox v. Chase,* 99 Kan. 740, 748, Syl. ¶ 11, 163 Pac. 184; *Cook v. Railway and Bridge Co.,* 101 Kan. 103, 105, 106, 165 Pac. 803; *Steck v. City of Wichita,* 179 Kan. 305, 308, Syl. ¶ 3, 295 P. 2d 1068; *Home Ins. Co. v. Atchison, T. & S. F. Rly. Co.,* 189 Kan. 316, 319, 320, 369 P. 2d 338.)

Another rule of this court equally applicable is that it rests in the sound judicial discretion of the district court to determine from all the circumstances whether alleged misconduct of counsel may have influenced the jury in arriving at its verdict, and, ordinarily, its conclusion in the matter will not be disturbed unless, under all the circumstances, it is plainly error. (*Smith v. Cement Co.,* 86 Kan. 287, 120 Pac. 349; *Ely v. Jones,* 110 Kan. 10, 12, 202 Pac. 609; *Thompson v. Howard Motors Co.,* 122 Kan. 339, 343, 252 Pac. 468; *Collins v. City Cab Co.,* 192 Kan. 394, 399, 400, Syl. ¶ 3, 388 P. 2d 597; *State v. McGee,* 194 Kan. 246, 249, 398 P. 2d 563.)

The opening statements of counsel are generally no more than outlines of anticipated proof and are not intended as a complete recital of the facts to be produced on contested issues. Their purpose is to inform the jury in a general way of the nature of the action and defense; to advise it of the facts relied upon by the party to make up his cause of action or defense, and to define the nature of the issues to be tried and the facts intended to be proved, so as to

better enable it to understand the case. (*Hengel v. Thompson,* 176 Kan. 632, 272 P. 2d 1058; *Soden v. Gemberling,* 188 Kan. 716, 718, 366 P. 2d 235; *Steck v. City of Wichita,* supra; *Wilkerson v. Lawrence,* 193, Kan. 92, 95, 96, 391 P. 2d 997; 88 C. J. S., Trial, § 161, p. 314.)

Generally speaking, counsel may outline in his opening statement what he expects to prove unless it is manifest that such proof would be incompetent, or the statement is made for the purpose of creating prejudice. Counsel should be allowed considerable latitude in his opening statement and its general nature and character rests largely with the discretion of the district court, which must necessarily rely on the good faith of counsel properly to confine his remarks within the bounds of propriety and good faith. Since whatever counsel states in his opening statement as to what he expects to prove is subject to further action of the court in permitting him to introduce testimony, it is not necessarily misconduct for him to claim something he does not later prove. (88 C. J. S., Trial, § 161, p. 314.) The rule is stated in 53 Am. Jur., Trial, § 456, p. 358, as follows:

"It is generally held that statements by counsel that certain evidence will be introduced are not improper if made in good faith and with reasonable ground to believe that the evidence is admissible, even though the intended proof referred to is afterward excluded. However, in the absence of good faith, or where prejudice is clearly produced, whether as the result of accident, inadvertence, or misconception, the rule is to the contrary. . . ."

It has been held that a broad scope is necessarily afforded counsel in making his opening statement where fraud and misrepresentation are the issue. In *Hutson v. Imperial Royalties Co.,* 134 Kan. 378, 5 P. 2d 825, 85 A. L. R. 789, rehearing denied 135 Kan. 718, 13 P. 2d 298, second rehearing denied 136 Kan. 176, 14 P. 2d 658, a case involving a similar question as here presented, objections were made to the plaintiff's opening statement to the jury, and it was held not to affirmatively have prejudiced the substantial rights of the defendants. Mr. Justice Hutchison, speaking for the court, said:

". . . The experience of every attorney is that often his realization in the way of evidence actually introduced falls short of what he in his zeal and enthusiasm expected it to be, and sometimes his better judgment dictates the propriety of omitting some of the evidence he had fully intended to introduce. But these occasional failures and intentional omissions should not make a very wide spread between what the evidence is expected to show and what it later does show. . . ." (l. c. 381.)

When plaintiffs' counsel made his opening statement, the district court could not anticipate what evidence would or would not be

admissible. In *Reeser v. Hamilton,* supra, it was held not to be error to admit evidence of what an oil and gas lease sold for seven months before as having some bearing on its true value at the time of the fraudulent sale. Here, the district court ruled that evidence of the amount the defendant received as consideration for the easement across Lot 5 was not admissible, and we are not required to pass upon that point. However, it is apparent plaintiffs' counsel relied upon *Reeser v. Hamilton,* supra, as authority for the admissibility of such evidence. We assume, as it is apparent the district court did, plaintiffs' counsel acted in good faith when he referred to the overall price of the easement, and the burden is upon the defendant to show that if technical error was committed, such error prejudicially affected his rights and influenced the jury in arriving at its verdict. Neither the record nor the defendant's brief provide any indication that the jury's verdict was influenced in any way by the plaintiffs' opening statement. Neither can we assume, in view of Instruction No. 2, that the defendant's substantial rights were prejudicially affected.

In view of the rule heretofore stated, and because of the district court's superior opportunity to form a just opinion of the effect of the conduct complained of, and its duty to disregard any error or defect which does not affect the substantial rights of the parties (K. S. A. 60-261), we conclude the defendant has not sustained the burden incumbent upon him to affirmatively show that prejudicial error was committed, and we affirm the judgment of the court below.

It is so ordered.