No. 46,749

M. R. RICHARDS and VERA R. RICHARDS, his wife, *Appellants,* v. KANSAS GAS AND ELECTRIC COMPANY, *Appellee.*

(505 P. 2d 695)

Opinion filed January 20, 1973.

*Franklin D. Gaines,* of the firm of Gaines and All, of Augusta, argued the cause, and *David C. All,* of the same firm, was with him on the brief for the appellants.

*James B. McKay, Jr.,* of the firm of McKay and McKay, of El Dorado, argued the cause, and *J. B. McKay,* of the same firm, and *Ralph Foster,* of Wichita, were with him on the brief for the appellee.

*Per Curiam:* This is an appeal by the plaintiff landowners from a judgment entered in their favor in a condemnation action. The property taken by the condemnor, the defendant Kansas Gas and Electric Company, was for use as a right of way for transmission line purposes.

The commissioners appointed by the court assessed the plaintiffs' damages at $8875. On appeal the matter was tried to a jury which awarded a sum of $6700. It is conceded the verdict is within the range of the evidence which ranged from $6617 to $39,000.

The sole point raised on appeal is that the closing argument of defendant's counsel was prejudicial and tended to influence the jurors by appealing to their self interest. The remarks to which the plaintiffs object were to the effect that if the figures set by the landowners' appraisers stood up, the consumers would have to pay higher rates, and counsel likened the jurors to stockholders of the defendant company.

Although the appellants excepted to the defendant's closing remarks they made no request for a ruling thereon nor any request to admonish the jury to disregard the improper argument. Neither did they move for a mistrial. Furthermore, at the hearing of plaintiffs' motion for a new trial the court commented that counsel's remarks were improper but it felt they had not resulted in prejudice to the landowners' right to a fair trial.

The granting or the refusing of a motion for a new trial rests in the sound judicial discretion of the trial court. It is not every act

of misconduct on the part of counsel which warrants a reversal of a judgment. Before a judgment will be reversed for misconduct of counsel for the prevailing party it must affirmatively appear that such misconduct prejudicially affected the substantial rights of the defeated party. (*Richard v. Kilborn,* 150 Kan. 579, 583, 95 P. 2d 545.) In *Collins v. City Cab Co.,* 192 Kan. 394, 388 P. 2d 597, this court said:

"In the very nature of things, a trial court always is in a better position than an appellate court to determine whether a verdict resulted, wholly or in part, from the asserted misconduct of counsel, and ordinarily its conclusion in the matter will not be disturbed unless, under all the circumstances, it is plainly in error." (p. 399.)

We cannot say from this record that the trial court erred in determining that the plaintiffs' rights to a fair trial were not substantially prejudiced.

The judgment is affirmed.